597 So.2d 381 (1992)
Charles E. STEWART, Jr., Petitioner,
v.
Judge E. Vernon DOUGLAS, as Circuit Judge of the Third Judicial Circuit and Thomas S. Tramel, III, as Sheriff of Columbia County, Respondents.
No. 92-33.
District Court of Appeal of Florida, First District.
April 15, 1992.
Stephen N. Bernstein and Laura A. Gross, Gainesville, for petitioner.
W. Roderick Bowdoin of Darby, Peele, Bowdoin & Payne, Lake City, for respondent Thomas S. Tramel, III, as Sheriff of Columbia County.
No appearance for respondent E. Vernon Douglas.
PER CURIAM.
Charles E. Stewart, Jr., petitions this court for a writ of prohibition, contending that Judge E. Vernon Douglas should have granted a motion for his disqualification and that in denying the motion, Judge Douglas improperly passed on the truth of the facts alleged. We agree in part and grant the petition.
Judge Douglas is presiding over an action brought by the Sheriff of Columbia County, who seeks forfeiture of certain real and personal property on the theory that it was purchased with profits from illegal drug sales. Stewart and his former wife, Beverly Hall, are defending parties in the forfeiture action.
Hall moved to disqualify Judge Douglas, alleging that the judge had seen her at a softball game and asked her whether she and Stewart had obtained the funds used to purchase their residence from lawful sources and whether Hall had any knowledge of Stewart's unlawful activities. Hall further alleged that she had learned that Judge Douglas had made similar inquiries of other persons. The motion was not served until July 15, 1991, although it alleged the conversation between Hall and Judge Douglas at the softball game took place in March or April of 1990. On August 12, 1991, Stewart filed a motion which sought to adopt Hall's motion for disqualification. Stewart's motion stated that he was without personal knowledge of the facts supporting disqualification as described above and that he was relying on Hall's knowledge for purposes of his motion.
Judge Douglas denied the motions for disqualification by order dated November 20, 1991. He found them to be not in good faith and made in an attempt to delay the proceedings. The specific basis for denial was the untimeliness of the motions, as they were filed over one year after the discovery of the facts alleged to constitute grounds for disqualification, and movants failed to show good grounds for the delay. Judge Douglas's order also recited that "[a]lthough the allegations of the motions are untrue, this court does not have the *382 prerogative to make a ruling regarding such allegations. Accordingly, this order is not based upon the court's view of the truthfulness of the allegations made, but is instead based upon this court's determination that the motions were untimely filed... ."
We agree with the trial judge that Hall's motion was untimely. Stewart now informs this court that his motion was timely because he did not know of the facts supporting disqualification until he learned the contents of Hall's motion. While this is implied in Stewart's motion to adopt Hall's motion, it is not so evident that, without more, we would find Judge Douglas's order to be in error. We find, however, that in the written comment quoted above, the trial judge improperly passed on the truth of the facts alleged. See Fla.R.Civ.P. 1.432(d); Bundy v. Rudd, 366 So.2d 440 (Fla. 1978); Hill v. Feder, 564 So.2d 609 (Fla. 3d DCA 1990). Accordingly, he must be disqualified from further presiding in the forfeiture action and therefore the petition for writ of prohibition is GRANTED.
JOANOS, C.J., and MINER and WEBSTER, JJ., concur.