ALLEN, Judge.
Appealing his conviction and sentence for burglary, the appellant contends that the trial judge erred when he denied the appellant’s motion to disqualify the judge. Although the appellant’s motion was legally deficient in several respects, the judge challenged the truthfulness of the appellant’s allegations when he ruled on the motion and thereby committed reversible error.
Although the appellant had appointed counsel, his motion to disqualify the trial judge was filed pro se. In the motion, he requested permission to serve as his own co-counsel for purposes of the motion. By entertaining the motion on the merits, the judge implicitly granted this request.
The motion recited various bases for the .appellant’s purported belief that the judge was prejudiced against him. Among them was an assertion that the judge had once placed the appellant on probation and, as a condition thereof, had ordered him to “stay away from politics.” It was also asserted that during an earlier trial, the judge’s instructions to the jury included the statement, “[ijt’s a shame when a man breaks the law.”
Before denying the motion to disqualify, the judge made several remarks relating to the assertions contained therein. In response to the appellant’s assertion regard *187 ing the alleged condition of probation, the judge said:
[T]his is absolute idiocy_ I have never — I can’t imagine — I have never in my life imposed any — sentence [sic] someone to stay away from politics. That’s not something I am concerned with. I don’t care about politics. It’s irrelevant to me. If you have got some proof of this, fine. If you have got a transcript — if you have got something in any probation order, fine.
As to the assertion regarding the comment to the jury, the judge said:
If you have got some evidence that I said such a thing as that, if you have some attorney to come in, say I said such a thing of that — I have never said such a thing, but you have no evidence of it. It’s just a mere allegation.... That’s so preposterous I won’t comment further on that.
In stating his reasons for denying the motion, the judge said:
I previously denied this motion for recu-sal for reason it’s nonsense, it does not amount to anything. There’s nothing in here that’s proven....
The appellant acknowledges that his motion failed to meet the requirements of Rule 3.230, Florida Rules of Criminal Procedure. It was not accompanied by the affidavits required by 3.230(b), and it was untimely under 3.230(c). The judge might have denied the motion as legally insufficient for either of these reasons. He might have simply declined to entertain the motion because the appellant was represented by counsel. See Davis v. State, 586 So.2d 1038, 1041 (Fla.1991) (“A criminal defendant does not simultaneously enjoy a right to assistance of counsel and the right to represent himself.... When the accused is represented by counsel, the privilege of addressing the court is a matter for the court’s discretion.”). See also State v. Tait, 387 So.2d 338 (Fla.1980). Overlooking all of these threshold procedural problems, the judge entertained the motion and decided it upon the merits.
Even if he had decided the motion on one or more of the above bases, his remarks would still have made his disqualification necessary. In Bundy v. Rudd, 366 So.2d 440 (Fla.1978), the trial judge had denied a motion for his disqualification because of its legal insufficiency, but he went on to explain and controvert the allegations of the motion. In directing the disqualification of the judge on appeal, the supreme court observed:
Regardless of whether respondent ruled correctly in denying the motion for disqualification as legally insufficient, our rules clearly provide, and we have repeatedly held, that a judge who is presented with a motion for his disqualification “shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification.” Fla.R.Crim.P. 3.230(d) [additional citations omitted]. When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification. Our disqualification rule, which limits the trial judge to a bare determination of legal sufficiency, was expressly designed to prevent what occurred in this case — the creation of “an intolerable adversary atmosphere” between the trial judge and the litigant, [citation omitted].
Bundy, 366 So.2d at 442. See also MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1339 (Fla.1990); Stewart v. Douglas, 597 So.2d 381 (Fla. 1st DCA 1992). Like the judge in Bundy, the judge here went beyond the question of the legal sufficiency of the appellant’s motion. By denying the truthfulness of the allegations in the motion and challenging the appellant’s ability to prove them, the judge created an adversary atmosphere. Having done so, he was required to disqualify himself.
The judgment and sentence are reversed and the cause is remanded for a new trial before a different judge.
JOANOS, C.J., and ERVIN, J., concur.