720 So.2d 1134 (1998)
Daniel RAGER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2174.
District Court of Appeal of Florida, Fifth District.
November 6, 1998.
*1135 Edwin H. Duff, III, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Daniel Rager appeals the sentence imposed following his no contest plea to one count of lewd and lascivious assault on a child and one count of attempted lewd and lascivious assault on a child. He argues that two 1993 Ohio sexual battery convictions were improperly scored on the score sheet, resulting in an excessive sentence. We agree that these convictions were improperly scored and remand for re-sentencing under a corrected score sheet.
Rager's score sheet reflects that the two Ohio sexual battery convictions were scored as the equivalent of paragraph 784.011(8)(b), Florida Statute offenses,[1] adding 46 prior record points to the score sheet total. The only evidence of the Ohio convictions was the Ohio order reciting that Rager pleaded guilty to two counts of sexual battery under Ohio Revised Code Section 2907.03 and sentencing him to two consecutive years on each count. The order does not reflect to which of the six subsections of the 1993 version of section 2907.03 Rager pled. At Rager's sentencing hearing, the State admitted it did not have the Ohio amended indictment and that the district attorney's office in Ohio had nothing more specific regarding Rager's convictions.
Rager filed written objections to the way the Ohio offenses were scored and argued at the sentencing hearing that Ohio's sexual battery statute was not analogous to Florida's. The court rejected the argument, included the points, and sentenced Rager to 99 months' incarceration followed by 1½ years community control on count I and to 60 months concurrent on count II.
Rager argues that the record evidence of his two Ohio sexual battery convictions does not support the court's decision to score the convictions as level nine offenses (23 points each). Instead, the convictions should have been scored as level one offenses (½ point each) based on the ambiguity in the severity level. He further objects to the fact that the State looked to the underlying facts of the Ohio convictions to decide which subsection of the Florida sexual battery statute was analogous.
Rager is correct that only the elements of out-of-state offenses, and not the underlying facts, may be considered in deciding whether an offense is analogous to one of Florida's statutes. See Dautel v. State, 658 So.2d 88 (Fla.1995). The State in the instant case admits it looked to the underlying facts of the Ohio convictions. The record does not reveal where the State obtained these "facts," but the need for them is obvious: without knowing the underlying facts, it would not have been possible for the State to determine which subsection of Florida's sexual battery statute is analogous because Florida breaks the offense of sexual battery into different felony degrees based upon the age of the victim and the circumstances surrounding the commission of the crime. In contrast, in 1993 Ohio did not consider the victim's age or assign different felony levels for different circumstances.
*1136 Ohio's 1993 sexual battery statute provided:
(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
(1) The offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution.
(2) The offender knows that the other person's ability to appraise the nature of or the control his or her own conduct is substantially impaired.
(3) The offender knows that the other person submits because he or she is unaware that the act is being committed.
(4) The offender knows that the other person submits because such person mistakenly identifies the offender as his or her spouse.
(5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis.
(6) The other person is in custody of law or a patient in a hospital or other institution, and the offender has supervisory or disciplinary authority over such other person.
A violation of any of the Ohio subsections was a felony of the third degree. § 2907.03(B), Ohio Revised Code (Baldwin 1993).
"Sexual conduct," as proscribed by Ohio's 1993 sexual battery statute, is defined as
vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any parts of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
§ 2907.01, Ohio Revised Code (Baldwin 1998).[2] Florida's paragraph 794.011(1)(h) defines sexual battery as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose." The Florida sexual battery statute is then broken into subsections which proscribe specific situations and consider age distinctions as a basis for assigning felony degrees.[3]
Although both Ohio and Florida's general proscription against "sexual conduct" and "sexual battery" is analogous, see Dautel, 658 So.2d at 91 ("While Ohio's definition of sexual conduct is analogous to sexual battery in Florida, sexual contact is not."), the age parameters and fact-specific nature of the Florida statute militate against drawing an analogy between Ohio's code and any specific Florida subsection. One would have to know the facts of the underlying Ohio crime to be able to determine which subsection of the Florida statute was analogous, and Dautel instructs that the underlying facts are not to be considered. The subsection is critical because different Florida subsections are assigned different felony degrees and different "offense levels," which in turn carry different point totals to be added on the score sheet.[4]
*1137 Uncertainty in scoring a prior record must be resolved in a defendant's favor. Fla. R.Crim. P. 3.703(d)(15)(D).[5] Rule 3.703(d)(15)(E) provides:
When unable to determine whether the conviction to be scored as prior record is a felony or a misdemeanor, the conviction should be scored as a misdemeanor. When the degree of felony is ambiguous or the severity level cannot be determined, the conviction should be scored at severity level 1.

(Emphasis added). Severity level 1 is assigned ½ a point. § 921.0014, Fla. Stat. (1997). Accordingly, Rager's score sheet must be recalculated to reflect a total of 1 point for the two Ohio convictions.[6] Even though the sentence imposed is within the 25 percent variance permitted under a corrected score sheet, the trial court is required to have a correct score sheet before it on re-sentencing. See McGreevey v. State, 717 So.2d 1111 (Fla. 5th DCA 1998).
REVERSED and REMANDED FOR RE-SENTENCING UNDER A RECALCULATED SCORE SHEET.
COBB, W. SHARP and GOSHORN, JJ., concur.
NOTES
[1] Paragraph 794.011(8)(b) of Florida's sexual battery statute provides:

Without regard to the willingness or consent of the victim, which is not a defense to prosecution under this subsection, a person who is in a position of familial or custodial authority to a person less than 18 years of age and who:
* * * * * *
(b) Engages in any act with that person while the person is 12 years of age or older but less than 18 years of age which constitutes sexual battery under paragraph (1)(h) commits a felony of the first degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
[2] Penetration is a necessary element of Ohio's sexual battery statute; it is not a necessary element in Florida. See State v. Pate, 656 So.2d 1323 (Fla. 5th DCA 1995) (state not required to prove penetration to establish sexual battery; oral union with sexual organs is sufficient). This difference would not preclude finding the Florida sexual battery statute analogous because the element of penetration is one of the alternatives in Florida's sexual battery statutes.
[3] See, e.g., § 794.011(2)(a) (sexual battery upon person less than 12 years of age is a capital felony); § 794.011(3) (sexual battery on person 12 years of age or older, with use of deadly weapon or actual physical force likely to cause serious injury is a life felony); § 794.011(4) (sexual battery on person 12 or older who is helpless to resist, or who is threatened, coerced, drugged, mentally defective, or physically incapacitated or if the offender is a law enforcement officer, is a first degree felony); § 794.011(5) (sexual battery upon a person 12 or older without physical force or violence is a second degree felony); § 794.011(8) (offender in position of familial authority to victim between 12 and 18 years old is second degree felony).
[4] Specifically, section 921.0012 sets forth an "offense severity ranking chart" to be used with the score sheet to compute a sentence score for felony offenders. It assigns various "offense levels" to different sexual battery offenses. For example, a subsection 794.011(5) violation is a level 8 offense, a paragraph 794.011(8)(b) violation is a level 9 offense, and a subsection 794.011(3) violation is a level 10 offense. However, not each sexual battery subsection is specifically ranked. For those violations that are not specifically listed, section 921.0013 provides that the offense is to be ranked according to its degree, i.e., a third degree felony is a level 1 offense; a second degree felony is a level 4 offense; a first degree felony is a level 7 offense; and a first degree felony punishable by life is a level 9 offense. Pursuant to section 921.0014, each level is assigned a certain point value to be added on the score sheet. Accordingly, the determination of which Florida subsection is analogous to the Ohio offense has important point total consequences. Because that determination cannot be made without reference to the facts of the underlying offense, the analogy cannot be drawn.
[5] Although Rager cites rule 3.702, rule 3.703 applies because his offenses were committed in November 1995. See Fla. R.Crim. P. 3.703(a).
[6] Rager additionally argues that Ohio's rape statute, not its sexual battery statute, is analogous to Florida's sexual battery statute, citing the fact that the rape statute considers the age of the victim. See § 2907.02(A)(1)(b), Ohio Revised Code (Baldwin 1993) (prohibiting sexual conduct with persons less than 13 years of age). This court need not decide whether such an analogy is correct because the State did not make that analogy in scoring Rager.