FULMER, Judge.
Eduardo Contreras, Jr. appeals his sentence for aggravated assault with a deadly weapon, arguing that utilizing a scoresheet which calculated points for prior record offenses based on the sentencing guidelines in effect at the time of sentencing is an ex post facto violation. He asserts that the trial court should have assessed prior record points based on the guidelines in effect at the time he committed the prior offenses. We affirm.
The trial court properly utilized a scoresheet which included points for prior record offenses based on the guidelines in effect at the time Contreras committed the aggravated assault for which he was being sentenced. See § 921.001(4)(b)2, Fla. Stat. (1997). Applying these guidelines did not increase the punishment from what the penalty was at the time Contreras committed that offense. “To fall within the ex post facto prohibition, a law must be retrospective — that is ‘it must apply to events occurring before its enactment’ — and it ‘must disadvantage the offender affected by it’ ... by altering the definition of criminal conduct or increasing the punishment for the crime.” Lynce v. Mathis, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997) (citations omitted). Applying this principle, we conclude there was no ex post facto violation here.
Affirmed.
CAMPBELL, A.C.J., and SALCINES, J., Concur.