766 So.2d 404 (2000)
Curtis Harold KNARICH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2118.
District Court of Appeal of Florida, Second District.
August 11, 2000.
*405 James Marion Moorman, Public Defender, Bartow, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Curtis Harold Knarich appeals his conviction and sentence for lewd and lascivious contact with a child under the age of sixteen years, in violation of subsection 800.04(1), Florida Statutes (1997). We affirm Knarich's conviction, but reverse his sentence and remand for resentencing.
Although Knarich raises several issues concerning his conviction, we find only one issue merits discussion. Knarich argues that the prosecutor impermissively elicited an opinion from the investigating officer as to his guilt. During direct examination of the investigating detective, the following exchange took place:
[Prosecutor]: After, shortly after that did you kind of confront him with whether you thought he had massaged the boys for some type of sexual stimulation or gratification?
[Detective]: Yes, I again told him through all the experience I had working with people who have a sexual interest in children, I found it hard to believe that he was massaging the buttocks of the child and not getting sexually aroused or not getting gratification from it and he just grinned at me. He grinned and said I can't admit to that while this investigation is going on.
In contrast to Knarich's contention, the State argues that this exchange was proper. That is, the officer merely explained what he said to Knarich to elicit Knarich's smile and comment. We find that we need not resolve this dispute.
We acknowledge that a witness, especially a police officer, should not give an opinion as to the guilt or innocence of the accused. See Martinez v. State, 761 So.2d 1074, 1077 (Fla.2000).. However, if a witness does give an improper opinion as to the guilt or innocence of the accused, such an error is subject to the harmless error test. See id. Here, the record conclusively demonstrates that there is no reasonable probability that the alleged error contributed to the conviction. See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986). In spite of the detective's arguably impermissive opinion as to Knarich's guilt, we find any potential error harmless. See id.
Knarich also challenges his sentence, arguing that the trial court improperly scored prior convictions in the guidelines calculations. We agree. To score a prior conviction from a foreign jurisdiction as a prior offense, the trial court should determine that the elements of the foreign offense are parallel to a comparable offense defined by Florida law. See Dautel v. State, 658 So.2d 88, 91 (Fla.1995). The record herein shows that the State did not present, and the trial court did not consider, any documentation as to the elements of Knarich's prior offenses. Rather, the trial court only referred to a general court-martial order, which contained the factual allegations of each prior offense. The trial court should have reviewed the language within the applicable article of the Uniform Code of Military Justice, and then compared this language to the specific elements of a comparable Florida offense. Accordingly, we vacate Knarich's sentence and remand this case to the trial court for resentencing.
*406 Affirmed in part, reversed in part, and remanded for resentencing.
CAMPBELL, A.C.J., and STRINGER, J., Concur.