THOMPSON, J.
Gary S. Selway appeals an order denying his motion to correct sentence. We affirm.
In April 1994, Selway was convicted of aggravated battery and armed trespass in a structure. At sentencing, utilizing an Ohio sexual battery conviction as a predicate, the court classified and sentenced Selway as a habitual violent felony offender. On numerous occasions, Selway has filed 3.800 motions contending that he is entitled to relief because the Ohio sexual battery statute[1] is not analogous to Florida’s sexual battery statute[2] and should not have been used as a predicate for habitual-ization. These motions have been denied, and this court has affirmed the trial court’s orders denying relief. See, e.g., Selway v. State, 683 So.2d 502 (Fla. 5th DCA 1996); Selway v. State, 704 So.2d 539 (Fla. 5th DCA 1997); Selway v. State, 787 So.2d 874 (Fla. 5th DCA 2001); Selway v. State, 793 So.2d 972 (Fla. 5th DCA 2001).
In March 2001, Selway filed another motion to correct sentence. At the hearing, *357 Selway cited Rager v. State, 720 So.2d 1134 (Fla. 5th DCA 1998), and argued that the Ohio and Florida sexual battery statutes were not analogous. Although the trial court believed that Selway’s issue had been properly determined and was barred by the doctrine of res judicata, it denied the motion based on its conclusion that the Ohio and Florida sexual battery statutes were analogous and that therefore the Ohio conviction was a proper predicate for habitualization.
On appeal, Selway argues that Rager holds that the Ohio and Florida sexual battery statutes are not analogous. We disagree. In Rager, while we stated that the fact-specific nature of Florida’s sexual battery statute prevented an analogy being drawn between Ohio’s code and any specific Florida subsection regarding felony degrees and different offense levels, we also stated that the two states’ general proscriptions against sexual conduct and sexual battery were analogous. Rager, 720 So.2d at 1136. Furthermore, this court noted:
Penetration is a necessary element of Ohio’s sexual battery statute; it is not a necessary element in Florida ... This difference would not preclude finding the Florida sexual battery statute analogous because the element of penetration is one of the alternatives in Florida’s sexual battery statutes.
Id. at n. 2 (emphasis added). Because we find that the Ohio and Florida sexual battery statutes are analogous under these circumstances, we affirm.
AFFIRMED.
ORFINGER and MONACO, JJ., concur.

. § 2907.03 Oh. Stal.

. § 794.011 Fla. Stat.