866 So.2d 165 (2004)
Curtis Harold KNARICH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1679.
District Court of Appeal of Florida, Second District.
February 20, 2004.
*166 James Marion Moorman, Public Defender, and Richard P. Albertine Jr., Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Curtis Knarich appeals his sentence for the lewd and lascivious act of handling and fondling a child under sixteen years of age. Because of errors in scoring Knarich's prior record, and because the trial judge improperly commented on Knarich's motion to disqualify the judge, we reverse and remand for resentencing before a different trial judge.
The State charged Knarich with handling and fondling a child under the age of sixteen years, a second-degree felony in violation of section 800.04, Florida Statutes (1997), which is entitled, "Lewd, lascivious, or indecent assault or act upon or in presence of child." The amended information alleged that Knarich committed this offense "by placing the hand of Curtis Harold Knarich on and rubbing the buttocks of the said [W.C.], said act being done in a lewd, lascivious and indecent manner, but without committing the crime of sexual battery" and alleged that the offense took place between July 5 and August 11, 1997. After a jury trial, Knarich was convicted. At the original sentencing hearing of February 12, 1999, the trial court declared Knarich to be a sexual predator and imposed a sentence of forty years in prison, with the last fifteen years to be suspended and Knarich to be placed on fifteen years of sex offender probation.
Knarich appealed, and this court affirmed his judgment but reversed and remanded for resentencing. Knarich v. State, 766 So.2d 404 (Fla. 2d DCA 2000). This court stated that to properly score Knarich's prior record on remand, the trial court must compare the elements of Knarich's prior military convictions with the elements of comparable Florida offenses. Id. at 405.
The trial court held a resentencing hearing on December 1, 2000, and a continued *167 resentencing hearing on March 9, 2001. The scoresheet on resentencing reflected 274.6 points for prior record based on twenty-five prior military offenses. The scoresheet also included forty points for victim injury based on sexual contact. The trial court again designated Knarich a sexual predator and imposed a sentence of thirty-five years in prison, with the last ten years suspended and Knarich to be placed on ten years of sex offender probation. Knarich appealed, and while this appeal was pending, he filed a motion and amended motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Knarich also filed a motion to disqualify the trial judge. The trial judge heard the amended motion and, after denying the motion to disqualify, denied the amended motion to correct sentencing error. On appeal, Knarich contends that the trial judge erred in responding to the allegations of Knarich's motion to disqualify, that Knarich's prior military convictions were improperly scored as prior record, and that victim injury points were improperly scored.

MOTION TO DISQUALIFY TRIAL JUDGE
At the continued resentencing hearing on March 9, 2001, Knarich was represented by counsel. Knarich had filed a pro se motion to disqualify the trial judge, and Knarich's counsel elected not to join in the motion. The trial judge allowed Knarich to act as co-counsel so that he could argue his motion to disqualify. Ultimately, the trial judge denied Knarich's motion as legally insufficient.
On September 17, 2002, the same judge heard Knarich's amended motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). At the hearing Knarich submitted another pro se motion to disqualify the trial judge based on his purported "extrajudicial political/personal relationship" with Knarich's mother, Roberta Knarich. Again, counsel did not join in the motion, and the judge allowed Knarich to act as co-counsel for that particular motion.
The trial judge then stated his understanding that because it was a successive motion to disqualify, under Florida Rule of Judicial Administration 2.160(g), he was permitted to comment on the allegations in the motion. He proceeded to explain that he had informed the parties at trial in 1999 that he previously had a political acquaintance with Knarich's mother, but he had absolutely no problem presiding over the matter. At the same time, he asked if either party wanted him to step aside, and neither counsel nor Knarich asked the judge to recuse himself from the case. The State refers to the foregoing comments and argues that they were not comments on the motion but merely comments on the status of the record, citing Shuler v. Green Mountain Ventures, Inc., 791 So.2d 1213, 1215 (Fla. 5th DCA 2001). We agree. However, the trial judge also explained at length the relationship with Knarich's mother and why he was not biased. The trial judge then denied the motion to disqualify on the ground that he had no bias toward Knarich or the State as a result of his relationship with Knarich's mother; the judge did not rule that the motion was legally insufficient.
Pursuant to rule 2.160, in ruling on a motion to disqualify, the trial judge "shall determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged." Cave v. State, 660 So.2d 705, 708 (Fla.1995). Here, the trial judge stated his belief that he could comment on the allegations because this was a successive motion by the same party against the same judge. However, in J & J Industries, Inc. v. Carpet Showcase of *168 Tampa Bay, Inc. 723 So.2d 281, 283 (Fla. 2d DCA 1998), this court informed the same trial judge that he had misinterpreted rule 2.160(g) and explained:
The freedom granted to trial judges to "pass on the truth" of the allegations is confined by this subdivision to successor judges, and does not apply to mere successive motions as the unfortunately drafted title to the subdivision might suggest. Here, the trial judge, not a successor judge for purposes of rule 2.160, was forbidden to pass on the truthfulness of the facts alleged.
Again, as in J & J Industries, the trial judge's "[a]ttempts to refute the charges of partiality exceed the scope of inquiry and alone establish grounds for disqualification." Id.
Although the State contends on appeal that the trial judge could have ruled the motion untimely and legally insufficient, the trial judge did not do so, and even if he had, disqualification would still be required. In Turner v. State, 598 So.2d 186 (Fla. 1st DCA 1992), the trial court considered a motion to disqualify on the merits, and the First District pointed out that even if the trial court had decided the motion was legally insufficient, "his remarks would still have made his disqualification necessary." Id. at 187. Because the trial judge's remarks here made his disqualification necessary, we reverse the order denying the motion to disqualify. Based on our disposition of the scoresheet issues, as discussed below, proceedings on remand shall be before a different trial judge.

MILITARY CONVICTIONS AS PRIOR RECORD
Knarich's sentencing guidelines scoresheet reflects that he received 274.6 points for prior record based on twenty-five prior military offenses that were scored as analogous Florida offenses. The court-martial documents contained in the record on appeal reflect the following: nine convictions under article 125 of the Uniform Code of Military Justice (UCMJ) for sodomy with a child under the age of sixteen years; eleven convictions under article 134 of the UCMJ for indecent liberties with a male under sixteen years of age; one conviction under article 134 for lewd act upon the body of a male under sixteen years of age; two convictions under article 134 for indecent act; and two convictions under article 134 for indecent act upon a male under the age of sixteen years. Knarich committed these prior military offenses between November 1982 and June 1984.
Florida Rule of Criminal Procedure 3.703(d)(15) defines prior record to include convictions by military courts and provides, "Federal, out of state, military, or foreign convictions are scored at the severity level at which the analogous or parallel Florida crime is located." In Dautel v. State, 658 So.2d 88, 91 (Fla.1995), the Florida Supreme Court held that "only the elements of the out-of-state crime, and not the underlying facts, should be considered in determining whether the conviction is analogous to a Florida statute for the purpose of calculating points for a sentencing guidelines scoresheet." Knarich appears to argue that this prohibits the trial court from considering the charging document to determine which alternative elements were charged. In its order denying the amended motion to correct sentencing error, the trial court cited Walsh v. State, 606 So.2d 636 (Fla. 5th DCA 1992), Rager v. State, 720 So.2d 1134 (Fla. 5th DCA 1998), and Holybrice v. State, 753 So.2d 621 (Fla. 4th DCA 2000), to support its consideration of the charging document and the final disposition in determining the elements of the prior offense. We agree with the trial *169 court's conclusion that Dautel does not prohibit consideration of the charging document. We read "underlying facts" to mean, for example, police reports, testimony, or other evidence in the case.
In Rager, the Fifth District cited Dautel for the proposition that no underlying facts could be considered but also noted that at the sentencing hearing "the State admitted it did not have the Ohio amended indictment and that the district attorney's office in Ohio had nothing more specific regarding Rager's convictions." 720 So.2d at 1135. Rager's conviction did not state to which of the six subsections of the Ohio sexual battery statute Rager had entered his plea. The State also admitted that "it looked to the underlying facts" but the record did not reflect where it obtained those facts. The court recognized the need for this information to determine which subsection of the Florida sexual battery statute was analogous because different subsections were different degree crimes, resulting in different "offense levels," depending on the circumstances. Id. at 1136-37. The court concluded that the prior Ohio convictions should not have been scored as level nine offenses, but as level one offenses. Id.; see also Fla. R.Crim. P. 3.703(d)(15)(E) (stating that "[w]hen the degree of felony is ambiguous or the severity level cannot be determined, the conviction should be scored at severity level 1").
In Rager, the court acknowledged that the Ohio amended indictment was unavailable, thus implying that the court would have considered the charging document had it been available. See also Walsh, 606 So.2d at 638 (stating that nothing in the record indicated that the indictment for a federal robbery charge "alleged the use of a dangerous weapon"). We conclude that the trial court may consider the charging instruments and the judgments to determine if the elements of Knarich's military convictions are analogous to crimes under the pertinent Florida statutes.
Next, we address Knarich's contention that the trial court should have compared his military offenses committed between 1982 and 1984 with offenses that were prohibited under Florida law at the time he committed the military offenses, not as the law existed in 1997, the time he committed the Florida offense for which he is now being sentenced. In Dautel, the Florida Supreme Court declined to address this issue, stating, "Dautel argues that the 1983 version of section 800.04, which provides that it is a second-degree felony to commit a lewd or lascivious act on a child under the age of fourteen, is applicable because his Ohio conviction occurred in 1984. Because we find that section 800.04 is not analogous to Ohio's section 2907.05(A)(2), we need not address this issue." 658 So.2d at 91 n. 3.
In Witherspoon v. State, 601 So.2d 607, 609 (Fla. 5th DCA 1992), the Fifth District stated, "We assume the Florida statute in effect when Witherspoon committed his Texas robberies is the `parallel' or `analogous' statute referred to by rule 3.701.d.5(a)(2). But even if the current statute, which breaks robbery into degree crimes is the point of reference, Witherspoon has no valid complaint." We note that rule 3.701(d)(5)(a)(2) stated, "When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida Statute." Current rule 3.703(d)(15) is worded slightly differently and states, "Federal, out of state, military, or foreign convictions are scored at the severity level at which the analogous or parallel Florida crime is located." (Emphasis added). The State argues that the use of the present tense indicates an intent that the current Florida statute be compared to the out-of-state statute.
*170 In Holybrice v. State, 753 So.2d 621 (Fla. 4th DCA 2000), the court compared a 1993 Georgia statute with a 1997 Florida statute, thus using the Florida law in effect at the time Holybrice committed his Florida offense rather than the statute in effect when he committed the prior Georgia offense. In Holybrice, however, the issue of which version of the Florida statute to use for comparison was not raised. In Snipes v. State, 793 So.2d 1107 (Fla. 1st DCA 2001), the issue again was not addressed, but there the First District used the 1989 Florida statute for comparison, apparently the statute in effect when Snipes committed the prior Ohio burglary.
The State points out that the phrase in rule 3.703(d)(15) that military convictions "are scored at the severity level at which the analogous or parallel Florida crime is located" is written in the present tense. As a result, the State argues that the rule requires a comparison of Knarich's prior military offenses to offenses under the Florida laws that were in effect when Knarich committed the crime for which he is currently being prosecuted. The State concludes that a 1983 military conviction should be compared to an analogous crime contained in the 1997 statutes.
We cannot agree. Applying a common sense interpretation to the language used in rule 3.703(d)(15), if a court is trying to compare a 1983 military offense to a crime under Florida law, the most "analogous or parallel Florida crime" would be a crime that was proscribed under Florida law in 1983. The description of that crime is located, and indeed will forever be located, in that version of the Florida Statutes that proscribes conduct occurring in 1983. Thus, if a 1983 Florida offense is analogous to a 1983 military offense, the offense is scored as prior record; then, the prior record is scored at the severity level shown on the current sentencing guidelines scoresheet. See Contreras v. State, 749 So.2d 524 (Fla. 2d DCA 1999) (concluding that it was proper to score prior record points based on guidelines in effect at the time of sentencing on the current offense).
By way of example, the State seeks to compare 1983 and 1984 military convictions to the Florida sexual performance by a child statute. However, that statute, section 827.071, Florida Statutes, did not become effective until October 1, 1983, after Knarich had committed several of his military offenses. See Ch. 83-75, § 6 at p. 247, Laws of Fla. In addition, in 1983 the lewd and lascivious statute, section 800.04, required that the child be under the age of fourteen years. The State used the 1997 version which requires that the child be under the age of sixteen years for purposes of comparison with Knarich's convictions for sodomy with a child under the age of sixteen years. Thus, it appears that the State would not have been able to score many of the prior military offenses as prior record had the State used the Florida Statutes in effect at the time of the military offenses.
In summary, we conclude that the trial court erred by comparing Knarich's 1982 to 1984 military offenses to offenses that were prohibited under Florida law at the time that Knarich committed his 1997 Florida offense. Instead, Knarich's military offenses must be compared to offenses that were contained in the Florida Statutes that were in effect at the time the military offenses were committed. Therefore, we reverse Knarich's sentence and remand for the trial court to resentence him after considering his prior record based on a comparison of Florida offenses in effect when he committed the prior military offenses.

*171 VICTIM INJURY POINTS
Knarich also argues that forty victim injury points should not have been scored for sexual contact based only on his touching of the victim's buttocks. Section 921.0021(7)(b), Florida Statutes (1997), provides for victim injury points to be scored for "sexual contact that does not include sexual penetration," but the statute does not define sexual contact. To support his argument, Knarich relies upon Borjas v. State, 790 So.2d 1114 (Fla. 4th DCA 2001), and Clark v. State, 808 So.2d 231 (Fla. 4th DCA 2001), in which the Fourth District held that fondling a person's buttocks does not constitute sexual contact for purposes of scoring victim injury points. In both cases the Fourth District certified conflict with Seagrave v. State, 768 So.2d 1121 (Fla. 1st DCA 2000), approved in part, 802 So.2d 281 (Fla.2001). We agree with the First District in Seagrave that fondling a person's buttocks can be scored as sexual contact. The Florida Supreme Court did not reach this question, but it did hold that victim injury points for sexual contact are not limited "to instances where there was a union of the sexual organ of one person with the oral, anal, or vaginal opening of another." Seagrave, 802 So.2d at 291. In Altman v. State, 852 So.2d 870, 874 (Fla. 4th DCA 2003), the Fourth District stated that the supreme court's opinion in Seagrave indicates a "more expansive interpretation of `sexual contact,' which takes into account the wide range of activity proscribed by the lewd and lascivious statute." In Altman, the court determined that French-kissing a six-year-old constituted sexual contact in the case of a lewd assault conviction under section 800.04(1). Id. at 875-76.
Here, Knarich was charged with handling or fondling a child under sixteen years of age "in a lewd, lascivious, and indecent manner, to wit: by placing the hand of [Knarich] on and rubbing the buttocks of [the victim], said act being willfully and knowingly done in a lewd, lascivious and indecent manner." In Altman, the court recognized that "the terms `lewd,' `lascivious,' and `indecent' connote a `wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator.' A conviction under the lewd assault statute is proper if the evidence reveals `a lustful or sensual purpose' on the part of the defendant in committing the assault." Id. at 874 (quoting Boles v. State, 158 Fla. 220, 27 So.2d 293, 294 (1946)). Knarich was convicted for handling or fondling the victim's buttocks in a lewd and lascivious manner. Based on the definition of lewd and lascivious, we conclude that a conviction based on fondling a child's buttocks in a lewd and lascivious manner supports the scoring of victim injury points for sexual contact.

APPRENDI
Knarich received a thirty-five year sentence on a second-degree felony, which has a statutory maximum of fifteen years' imprisonment. See §§ 775.082(3)(c), 800.04, Fla. Stat. (1997). He argues that the jury failed to make a specific finding of sexual contact as required by Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). "Where the addition of victim injury points is a factor which causes a sentence to be increased beyond the statutory maximum, the facts of victim injury must be submitted to a jury pursuant to Apprendi." Gisi v. State, 848 So.2d 1278, 1282 (Fla. 2d DCA 2003). The State responds that Apprendi is not retroactive and does not apply here, and that, in any event, the jury's verdict was a sufficient finding to support the scoring of sexual contact points.
We recognize that the Apprendi issue may be moot if, on resentencing, Knarich does not receive a sentence in excess of the fifteen-year statutory maximum.
*172 However, for the guidance of the parties and the trial court on remand, we make the following observations.
First, with respect to the State's argument regarding retroactivity, we note that Knarich's sentence has never become final. He was originally sentenced in 1999, and his direct appeal was pending when Apprendi was decided. His case is now on direct appeal of his resentencing, and he raised the Apprendi issue in the trial court via rule 3.800(b)(2). Because his case is in the "pipeline" and he has preserved the issue for review, Knarich may raise the Apprendi issue. See Mitchell v. Moore, 786 So.2d 521, 530 n. 8 (Fla.2001) (recognizing that the "pipeline" theory allows a defendant to seek application of a new rule of law if the case is pending on direct review or not yet final and the defendant timely objected in the trial court if an objection was necessary to preserve the issue for appellate review).
Second, if the jury was properly instructed,[1] then it necessarily had to find sexual contact as an element of the offense in order to find Knarich guilty of handling or fondling a child under sixteen years of age in a lewd and lascivious manner. Cf. McCloud v. State, 803 So.2d 821, 829 (Fla. 5th DCA 2001) (en banc) (Harris, J., concurring in part and dissenting in part) (recognizing that penetration was an alternative element of sexual battery and that a general verdict is insufficient to show a jury finding that penetration occurred when the jury could have convicted based on penetration or contact), review denied, 821 So.2d 298 (Fla.), and cert. denied, 537 U.S. 1036, 123 S.Ct. 553, 154 L.Ed.2d 455 (2002). The verdict form reflects that the jury found Knarich guilty of "Handling or Fondling a Child under the Age of Sixteen Years, as charged." Knarich was charged with handling or fondling a child under sixteen years of age in a lewd and lascivious manner, in violation of section 800.04(1), Florida Statutes (1997).
As discussed above concerning victim injury points, the fact that the act was done in a lewd and lascivious manner necessarily means that it was sexual in nature. See Altman, 852 So.2d at 874. Additionally, handling or fondling was required to sustain Knarich's conviction, and handling or fondling, by definition, necessarily involved contact between Knarich and the victim. Thus, if the jury was properly charged that the handling or fondling had to be done in a lewd and lascivious manner, the verdict is a sufficient jury finding of sexual contact to meet the requirements of Apprendi.
For the foregoing reasons, we reverse Knarich's sentence for handling and fondling a child under sixteen years of age and remand for resentencing before a different trial judge.
Reversed and remanded.
FULMER and CASANUEVA, JJ., Concur.
NOTES
[1] The jury instructions are not contained in our record on appeal, and our record does not disclose whether the jury had the charging document before it.