VILLANTI, Judge.
Demetrius Bracey appeals his conviction and sentence for robbery with a deadly weapon. Bracey raised no issues on appeal pertaining to his conviction, and we affirm that conviction without further comment. However, because the trial court sentenced Bracey using a scoresheet that may have been incorrectly scored and calculated, we reverse Bracey’s sentence and remand for a new sentencing hearing.
A jury convicted Bracey of robbery with a deadly weapon based on events that occurred on December 24, 2010. At Bracey’s sentencing hearing, the State presented the court with a Criminal Punishment Code scoresheet that included nineteen points for a prior conviction from the state of Illinois. The State asserted that Bracey’s Illinois offense was comparable to the Florida offense of sexual battery as defined in section 794.011(5), Florida Statutes (2010). Based on that assertion, the State scored Bracey’s Illinois conviction as a level eight offense and assessed nineteen points on his score-sheet.
Bracey’s counsel initially objected to the points scored for this prior conviction. Bracey admitted that he had an Illinois conviction for a sexual offense; however, he argued that his Illinois conviction was a misdemeanor offense and that his actual conduct was more akin to a lewd and lascivious offense under section 800.04, Florida Statutes (2010). Based on this assertion, Bracey contended that his prior conviction should be scored as either a level four or seven offense, which would result in a corresponding decrease in the points scored for this offense on his score-sheet.
In response to Bracey’s objection to the points that were scored, the trial court, the State, and Bracey’s counsel engaged in a discussion about the facts underlying the Illinois conviction, including the ages of Bracey and the victim and whether the victim could consent under Illinois law. All of the parties discussed a number of potential Florida offenses that might be “comparable” to the facts of the underlying Illinois offense, including sexual battery, lewd battery, lewd molestation, and unlawful sexual activity. Despite Bracey’s original objection to the points, the State did not introduce a certified copy of the Illinois conviction or provide the court with any other information concerning the elements of the Illinois statute under which Bracey was convicted. Ultimately, Bra-cey’s counsel agreed with the State’s argument that (1) a comparison of the facts underlying the Illinois offense to the potentially applicable Florida Statutes was the proper way to score the out-of-state offense, (2) the facts underlying Bracey’s Illinois conviction were comparable to *314 Florida offenses under either section 794.011(5) or section 800.04(4), (3) either of those Florida offenses would be scored as a level eight offense, and (4) therefore the points on Bracey’s scoresheet were correctly scored regardless of the provisions of the Illinois statute under which he was actually convicted. After Bracey’s counsel’s concession on these issues, the trial court sentenced Bracey to the lowest permissible prison sentence allowed by the scoresheet as prepared by the State.
In this appeal, the only issue Bracey raises is the proper scoring of his prior Illinois conviction. The State now concedes that “only the elements of the out-of-state crime, and not the underlying facts, should be considered in determining whether the conviction is analogous to a Florida statute for the purpose of calculating points for a sentencing guidelines scoresheet.” Dautel v. State, 658 So.2d 88, 91 (Fla.1995) (emphasis added); see also Knarich v. State, 866 So.2d 165, 168 (Fla. 2d DCA 2004). When necessary, a trial court may consider an out-of-state charging document to determine which Florida offense is most analogous to the out-of-state conviction, but this is true only when either the ou1>of-state statute under which the defendant was convicted or the potentially applicable Florida statutes contain multiple subsections. See Knarich, 866 So.2d at 169; Rager v. State, 720 So.2d 1134, 1136-37 (Fla. 5th DCA 1998) (noting that when the Ohio sexual battery statute contained six subsections and the judgment did not specify the subsection pursuant to which the judgment was entered, the trial court could have considered the Ohio charging document in making its determination of which Florida offense was most analogous). Hence, it is legally incorrect for either the court or the State to identify the facts allegedly underlying an out-of-state conviction as the relevant scoring criterion and then use those facts to calculate a scoresheet based on which Florida statute appears most applicable to those facts.
In this case, however, the State and the trial court did exactly that. And while Bracey’s counsel initially objected to the scoring of this prior conviction, he never objected to the use of the underlying facts — rather than the elements of the Illinois offense — as the basis for determining the proper score. Further, even though Florida’s lewd and lascivious statutes and sexual battery statutes both contain multiple subsections, the State never provided either a copy of Bracey’s prior Illinois conviction or a copy of the Illinois charging document so as to allow the trial court to determine which of these multiple subsections were most analogous to the applicable Illinois statute. These legal errors, which are readily apparent in the transcript of the sentencing hearing, resulted in the trial court sentencing Bracey pursuant to a scoresheet that may have been improperly scored.
Because Bracey’s trial counsel ultimately abandoned his initial objection to the scoring of these points, any error arising from Bracey’s scoresheet was not preserved for appellate review.[1] Never *315 theless, we reverse Bracey’s sentence and remand for resentencing because the ineffectiveness of Bracey’s trial counsel on this issue is apparent on the face of the record. We recognize that “[g]enerally, a claim of ineffective assistance of counsel may not be raised on direct appeal.” Lambert v. State, 811 So.2d 805, 807 (Fla. 2d DCA 2002) (citing Corzo v. State, 806 So.2d 642 (Fla. 2d DCA 2002)); see also Cephus v. State, 52 So.3d 46, 48 (Fla. 3d DCA 2010). However, in rare cases, we will address the ineffectiveness of trial counsel on direct appeal when “ ‘the ineffectiveness is apparent on the face of the record[,]’ ” the prejudice to the defendant is obvious, and “ ‘it would be a waste of judicial resources to require the trial court to address the issue.’ ” Smith v. State, 998 So.2d 516, 522-23 (Fla.2008) (quoting Blanco v. State, 507 So.2d 1377, 1384 (Fla.1987)); see Gore v. State, 784 So.2d 418, 437-38 (Fla.2001).
Here, Bracey, like all defendants, was entitled to be sentenced using a correctly scored and calculated scoresheet. See, e.g., State v. Anderson, 905 So.2d 111, 118 (Fla.2005) (noting that “it is essential for the trial court to have the benefit of a properly calculated scoresheet when deciding upon a sentence”); Fortner v. State, 830 So.2d 174, 175 (Fla. 2d DCA 2002) (“All defendants are entitled to be sentenced under a correctly scored and calculated scoresheet.”). However, given the clear precedent concerning how out-of-state convictions are to be scored, Bracey’s trial counsel’s failure to object to — and actual acquiescence in — the State’s efforts to justify the points scored on Bracey’s scoresheet resulted in ineffectiveness ap: parent on the face of the record. The prejudice to Bracey is obvious since we cannot say that the trial court would have imposed the same sentence had the trial court had a correctly scored and calculated scoresheet before it at Bracey’s sentencing. See Brooks v. State, 969 So.2d 238, 241 (Fla.2007) (noting that the question on direct appeal is whether the trial court would have imposed the same sentence using a corrected scoresheet). And it would be a waste of scant judicial resources to require Bracey to bring an ineffective assistance of counsel claim on this issue in a motion for postconviction relief in the trial court.
Accordingly, we reverse Bracey’s sentence and remand for further proceedings. On remand, if the State-wishes to again score the prior Illinois conviction, it must establish the elements of the Illinois offense for which Bracey was convicted, and the trial court should compare the elements of the charged Illinois offense with the elements of the potentially applicable Florida offenses to determine the proper Florida statute and corresponding offense level. The court may then resentence Bracey using a correct scoresheet.
Affirmed in part, reversed in part, and remanded for resentencing.
CASANUEVA and MORRIS, JJ., Concur.

. Recognizing this, Bracey's appellate counsel attempted to preserve the issue through a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). However, rule 3.800(b)(2) motions allow for correction of errors only in the sentence itself; they are not a means by which unpreserved errors in the sentencing process can be revived and preserved for review. See Jackson v. State, 983 So.2d 562, 573 (Fla.2008). Thus, Bracey's rule 3.800(b)(2) motion did not preserve this error. We also note that the trial court denied Bra-cey's rule 3.800(b)(2) motion based on its conclusion that an evidentiary hearing would be needed to resolve the issue and that such *315 hearings were not permitted under rule 3.800. While this statement is correct for motions filed pursuant to rule 3.800(a), it is incorrect as to motions filed pursuant to rule 3.800(b)(2), which expressly contemplates the possibility of the court convening an eviden-tiary hearing to resolve any facially sufficient issues raised in the motion. Hence, the trial court's denial of Bracey’s motion in this case was right for the wrong reason.