DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DENNIS ALLEN TAYLOR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-2291

[November 15, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 50-2020-CF-010025A.

Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Senior Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

A jury found the appellant guilty of sexual battery (physical force), domestic battery by strangulation, and harassing a witness, victim, or informant. After being sentenced on the charges, the appellant filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion asserting errors in the scoring of several Ohio convictions on the sentencing scoresheet. The trial court granted the motion in part and denied the motion in part, declining to resentence the appellant.

On appeal, the appellant does not contest his convictions; instead, he appeals the sentences imposed, raising two issues: (1) two Ohio convictions were improperly scored on his scoresheet, and (2) a sentencing multiplier for a sex crime committed in front of a child was improperly applied because the information did not allege a child was present. On the second issue, the appellant relies on *Alleyne v. United States*, 570 U.S. 99 (2013), and *Jones v. United States*, 526 U.S. 227 (1999).

We affirm the trial court's rulings on the second issue without discussion. We affirm as to the first issue and explain our reasons.

The two Ohio convictions were for aggravated robbery and possession of controlled substances. In his reply brief, the appellant concedes the Ohio conviction for possession of controlled substances was properly scored. That leaves the issue of the scoring for the Ohio aggravated robbery conviction.

The record reflects that, prior to sentencing, the State, through discovery, provided the appellant with certified copies of his Ohio convictions. The appellant did not challenge the scoring of the Ohio convictions in his sentencing memorandum or at sentencing. The appellant's rule 3.800(b)(2) motion did not seek proof of the elements of the Ohio aggravated robbery conviction to show the conviction was properly scored.

We agree with the appellant that "only the elements of the out-of-state crime . . . should be considered in determining whether the conviction is analogous to a Florida statute for the purpose of calculating points for a sentencing guidelines scoresheet." *Dautel v. State*, 658 So. 2d 88, 91 (Fla. 1995). When the scoring of an out-of-state conviction is contested, the trial court may consider the out-of-state judgment entered, and if necessary, the charging document, to determine the elements of the out-of-state conviction for comparison with a Florida offense for scoring. *See Knarich v. State*, 866 So. 2d 165, 169 (Fla. 2d DCA 2004) (concluding the trial court may consider the charging instruments and the judgments to determine if the elements of an out-of-state conviction are analogous to a pertinent Florida statute).

Thus, when the appellant contested the proper scoring of an out-of-state conviction on the ground that the points on the scoresheet were not analogous to the Florida crime used for the scoring, the appellant was entitled to seek an evidentiary hearing, requiring the State to provide competent evidence in support of its scoring of the appellant's prior record. *See Sanders v. State*, 333 So. 3d 235, 235-36 (Fla. 4th DCA 2022) ("Having challenged multiple prior convictions included on his scoresheet in his amended rule 3.800(b) motion, [the appellant] correctly argues that the State was required to introduce competent evidence in support of its scoring of [the appellant's] prior record and failed to do so."). But the appellant did not seek an evidentiary hearing, either below or on appeal, during which the State would have filed certified copies of the Ohio aggravated robbery conviction to support the scoring of that conviction by comparing the elements of the Ohio conviction (based on the charging

2

document or written judgment) with a Florida crime. Instead, below and on appeal, the appellant traveled on legal arguments discussing the various elements of robbery offenses in Ohio and Florida, referring to statutes only.

We are not persuaded by the appellant's arguments on appeal that the Ohio aggravated robbery charge was improperly scored because the elements of the crime are not analogous to the Florida crime for which the points were scored. Instead, we agree with the State's arguments on appeal. In short, we conclude that, both below and on appeal, the appellant failed to show the trial court erred at sentencing by considering a scoresheet with the allegedly erroneous points for the Ohio aggravated robbery conviction.

Even if we agreed with the appellant that the Ohio aggravated robbery conviction was improperly scored, we determine the error was harmless. Having reviewed the sentencing proceeding, we determine the trial court would have imposed the same sentences even with the appellant's requested correction for the Ohio aggravated robbery conviction. *See Green v. State*, 293 So. 3d 23, 24 (Fla. 4th DCA 2020) ("When a scoresheet error is raised on direct appeal via a rule 3.800(b) motion, courts must apply the 'would-have-been-imposed' test to determine whether a scoresheet error warrants resentencing." (quoting *Ray v. State*, 987 So. 2d 155, 156 (Fla. 1st DCA 2008))). In pronouncing the sentences, the trial court placed little reliance on the scoresheet. The trial court noted the appellant "comes in with a relatively minimal record and no prior offenses involving sex offenses." However, the trial court, in explaining the sentences imposed, focused on two things: (1) the outrageousness of the appellant's brutal attack on the victim while she was incapacitated and unable to fight back; and (2) the outrageousness of the brutal attack and sexual battery of the victim in the presence of their minor child. We are satisfied beyond a reasonable doubt that the trial court would have imposed the same sentences regardless of whether the scoresheet was corrected as the appellant argues on appeal. Thus, we alternatively affirm the trial court's rulings regarding the Ohio aggravated robbery conviction and points assessed for that conviction. *See State v. Anderson*, 905 So. 2d 111, 118 (Fla. 2005) (stating the would-have-been-imposed test is no different from the *DiGuilio*[1] harmless error test).

---

[1] *See State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986) (defining harmful error as error about which an appellate court cannot say "beyond a reasonable doubt … did not contribute to the verdict").

We affirm the trial court's rulings on the appellant's rule 3.800(b)(2) motion, as well as the appellant's sentences, and remand for the trial court to enter a corrected scoresheet as ordered in the trial court's partial grant of the appellant's rule 3.800(b)(2) motion.

*Affirmed and remanded.*

GERBER and LEVINE, JJ., concur.

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***