# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**DENNIS ALLEN TAYLOR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-2291

[January 3, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 50-2020-CF-010025A.

Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Senior Assistant Attorney General, West Palm Beach, for appellee.

### *ON MOTION FOR REHEARING*
### *OR CLARIFICATION*

CONNER, J.

We deny the appellant's motion for rehearing but grant the appellant's motion for clarification, withdraw our opinion dated November 15, 2023, and issue the following in its place.

A jury found the appellant guilty of sexual battery (physical force), domestic battery by strangulation, and harassing a witness, victim, or informant. After being sentenced on the charges, the appellant filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion asserting errors in the scoring of several Ohio convictions on the sentencing scoresheet. The trial court granted the motion in part and denied the motion in part, declining to resentence the appellant.

On appeal, the appellant does not contest his convictions; instead, he appeals the sentences imposed, raising two issues: (1) two Ohio

convictions were improperly scored on his scoresheet, and (2) a sentencing multiplier for a sex crime committed in front of a child was improperly applied because the information did not allege a child was present. On the second issue, the appellant relies on *Alleyne v. United States*, 570 U.S. 99 (2013), and *Jones v. United States*, 526 U.S. 227 (1999).

We affirm the trial court's rulings on the second issue without discussion. We also affirm as to the first issue and explain our reasons.

The two Ohio convictions were for aggravated robbery and possession of controlled substances. In his reply brief, the appellant concedes the Ohio conviction for possession of controlled substances was properly scored. That leaves the issue of the scoring for the Ohio aggravated robbery conviction.

The record reflects that, prior to sentencing, the State, through discovery, provided the appellant with certified copies of his Ohio convictions. The appellant did not challenge the scoring of the Ohio convictions in his sentencing memorandum or at sentencing. The appellant's rule 3.800(b)(2) motion contended that the Ohio statute under which the appellant was convicted was not analogous to Florida's aggravated robbery statute because the Ohio statute allowed for aggravated robbery to be committed in multiple ways, one of which included theft while in possession of "dangerous ordnance" without a requirement of use force, violence, or assault, or putting the victim in fear.

We agree with the appellant that "only the elements of the out-of-state crime . . . should be considered in determining whether the conviction is analogous to a Florida statute for the purpose of calculating points for a sentencing guidelines scoresheet." *Dautel v. State*, 658 So. 2d 88, 91 (Fla. 1995). When the scoring of an out-of-state conviction is contested, the trial court may consider the out-of-state judgment entered, and if necessary, the charging document, to determine the elements of the out-of-state conviction for comparison with a Florida offense for scoring. *See Knarich v. State*, 866 So. 2d 165, 169 (Fla. 2d DCA 2004) (concluding the trial court may consider the charging instruments and the judgments to determine if the elements of an out-of-state conviction are analogous to a pertinent Florida statute).

"Having challenged multiple prior convictions included on his scoresheet in his amended rule 3.800(b) motion, [the appellant] correctly argues that the State was required to introduce competent evidence in support of its scoring of [the appellant's] prior record[.]" *Sanders v. State*, 333 So. 3d 235, 235-36 (Fla. 4th DCA 2022). Below and on appeal, the

2

appellant traveled on legal arguments discussing the various elements of robbery offenses in Ohio and Florida, referring only to statutory language. In discussing these legal arguments, appellant's initial brief makes the conclusory argument that the State failed to meet its burden to prove how appellant's Ohio aggravated robbery should be scored. Appellant does not, however, make any argument that the State failed to present evidence or ask for an evidentiary hearing. *See Hoskins v. State*, 75 So. 3d 250, 257 (Fla. 2011) ("[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief." (quoting *J.A.B. Enters. v. Gibbons*, 596 So. 2d 1247, 1250 (Fla. 4th DCA 1992))).

We are not persuaded by the appellant's arguments on appeal that the Ohio aggravated robbery charge was improperly scored because the elements of the crime are not analogous to the Florida crime for which the points were scored. Instead, we agree with the State's arguments on appeal.

Even if we agreed with the appellant that the Ohio aggravated robbery conviction was improperly scored, we determine the error was harmless. Having reviewed the sentencing proceeding, we determine the trial court would have imposed the same sentences even with the appellant's requested correction for the Ohio aggravated robbery conviction. *See Green v. State*, 293 So. 3d 23, 24 (Fla. 4th DCA 2020) ("When a scoresheet error is raised on direct appeal via a rule 3.800(b) motion, courts must apply the 'would-have-been-imposed' test to determine whether a scoresheet error warrants resentencing." (quoting *Ray v. State*, 987 So. 2d 155, 156 (Fla. 1st DCA 2008))). In pronouncing the sentences, the trial court placed little reliance on the scoresheet. The trial court noted the appellant "comes in with a relatively minimal record and no prior offenses involving sex offenses." However, the trial court focused on two things in explaining the sentences imposed: (1) the outrageousness of the appellant's brutal attack on the victim while she was incapacitated and unable to fight back; and (2) the outrageousness of the brutal attack and sexual battery of the victim in the presence of their minor child. We are satisfied beyond a reasonable doubt that the trial court would have imposed the same sentences regardless of whether the scoresheet was corrected as the appellant argues on appeal. Thus, we alternatively affirm the trial court's rulings regarding the Ohio aggravated robbery conviction and points assessed for that conviction. *State v. Anderson*, 905 So. 2d

3

111, 118 (Fla. 2005) (stating the would-have-been-imposed test is no different from the *DiGuilio*[1] harmless error test).

We affirm the trial court's rulings on the appellant's rule 3.800(b)(2) motion, as well as the appellant's sentences, and remand for the trial court to enter a corrected scoresheet as ordered in the trial court's partial grant of the appellant's rule 3.800(b)(2) motion.

*Affirmed and remanded.*

GERBER and LEVINE, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986) (defining harmful error as error about which an appellate court cannot say "beyond a reasonable doubt that the error complained of did not contribute to the verdict").