PER CURIAM.
The Florida Sentencing Guidelines Commission petitions the Court to amend Florida Rules of Criminal Procedure 3.701 and 3.988. We have jurisdiction pursuant to article V, section 3(a) of the Florida Constitution.
The 1992 Florida Legislature created several new crimes that require amendment to rules 3.701(c) and 3.988.[1] Chapter 92-45, section 8, Laws of Florida, amended section 517.301, Florida Statutes, to make the rendering of any investment advice in the promotion of a fraudulent scheme a third-degree felony. Chapter 92-67, section 1, Laws of Florida, amended section 231.06, Florida Statutes, to add elected school district officials to the list protecting school board employees from assault or battery. Chapter 92-69, sections 5 and 47, Laws of Florida, amended section 499.069, Florida Statutes, to provide that violations of new *1308 subsections of section 499.005, Florida Statutes, relating to the regulation of drugs and cosmetics are third-degree felonies. Based on these statutory changes, and to conform the guidelines to those changes, categories 4, 6, and 7 of rule 3.701(c) are amended to read as follows:
Category 4: Violent personal crimes: Section 231.06, ^chapters 784 and 836, section 843.01, and subsection 381.411(4).
* * * * * *
Category 6: Thefts, forgery, fraud: Sections 192.037 and 206.56, chapters 322 and 409, section 370.142, section 415.111, chapter 443, section 493.3175, sections 494.0018, 496.413, and 496.417, chapter 509, subsection 517.301(l)(a), subsections 585.145(3) and 585.85(2), section 687.146, and chapters 812 (except section 812.13), 815, 817, 831, and 832.
Category 7: Drugs: Section 499.005 and Cchapter 893.
Other amended statutes are already contained in rules 3.701(c) and 3.988 and do not require amendment of those rules.[2]
In response to our request in Bunney v. State, 603 So.2d 1270 (Fla.1992), the commission recommends that rule 3.701(d) be amended to provide that a sentencing court be allowed to impose any sentence allowed by law where the offender is being sentenced for a capital felony and other non-capital felonies arising from the same criminal episode. Thus, the death would be scored as victim injury, and the court could also impose a departure sentence. This change in the reasons for departure is procedural, and we amend rule 3.701(d)(12) to read as follows:
(12) A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guidelines sentence unless a written reason is given. Where the offender is being sentenced for a capital felony and other noncapital felonies that arose out of the same criminal episode or transaction, the sentencing court may impose any sentence authorized by law for the noncapi-tal felonies.
As another procedural change, the commission recommends that the commission note to rule 3.701(c) be amended to clarify that attempts, solicitations, or conspiracies to commit first-degree murder be scored in category 1 and that attempts, solicitations, or conspiracies to commit capital sexual batteries be scored in category 2. We agree and amend the first unnumbered paragraph of the commission note on paragraph (c) to read as follows:
Inchoate offenses are included within the category of the offense attempted, solicited, or conspired to, as modified by chapter 777. An attempt, solicitation, or conspiracy to commit first-degree murder as defined in subsection 782.04(l)(a) shall be scored in category 1. An attempt, solicitation, or conspiracy to commit capital sexual battery as defined in subsection 794.011(2) shall be scored in category 2.
The commission has also proposed two other amendments. First, the commission recommends that paragraph (d)(1) of rule 3.701 be amended to provide for consideration of habitual felony or habitual violent felony offenders to prevent an artificial lowering of recommended sentence:
(1) One guideline scoresheet shall be utilized for each defendant covering all *1309 offenses pending before the court for sentencing, including offenses for which the defendant has been adjudicated as an habitual felony offender or an habitual violent felony offender. The state attorney’s office will prepare the scoresheets and present them to defense counsel for review as to accuracy in all cases unless the judge directs otherwise. The sentencing judge shall approve all score-sheets.
Second, the commission recommends amending the committee note to rule 3.701(d)(7) as follows regarding scoring victim trauma in sexual offenses:
(d)(7) This provision implements the intention of the commission that points for victim injury be added for each victim injured during a criminal transaction or episode. The injury need not be an element of the crime for which the defendant is convicted, but is limited to physical trauma. Physical trauma shall include penetration and sexual contact. However, if the victim injury is the result of a crime for which the defendant has been acquitted, it shall not be scored.
These last two proposals, however, are more substantive than procedural and cannot be summarily enacted by this Court.
Therefore, we adopt the proposed revisions to rule 3.701(c) and (d)(12) and to the commission note on paragraph (c), effective immediately on filing of this opinion. The proposed revisions to rule 3.701(d)(1) and to paragraph (d)(7) are to be transmitted to the legislature for consideration during its 1993 regular session and will become effective only upon being implemented by the legislature.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.
*1310 APPENDIX
Rule 3.988(d) Category 4: Violent Personal Crimes
[[Image here]]
*1311 Rule 3.988(d)
Category 4: Violent Personal Crimes
Section 231.06 — Assault or Battery Upon District School Board Employee
Chapter 784 — Assault, Battery
Section 836.05 — Threats, Extortion
Section 836.10 — Written Threats to Kill or Do Bodily Injury
Section 843.01 — Resisting Officer with Violence
Subsection 381.411(4)(b) — Battery on HRS Employee
[[Image here]]
Note — Any person sentenced for a felony offense committed after October 1, 1988, whose presumptive sentence is any nonstate prison sanction may be sentenced to community control or to a term of incarceration not to exceed 22 months. Such sentence is not subject to appeal. However, before imposing such sentence, the court shall give due consideration to the criteria in s. 921.005(1). § 921.001(5), Fla.Stat. (Supp.1988).
*1312 Rule 3.988(f) Category 6: Thefts, Forgery, Fraud
[[Image here]]
*1313 Rule 3.988(f)
Category 6: Thefts, Forgery, Fraud
Chapter 322 — Drivers’ Licenses
Chapter 409 — Social and Economic Assistance
Chapter 443 — Unemployment Compensation
Chapter 509 — Public Lodging and Public Food Service Establishments
Chapter 812 — Theft (except section 812.-13 — Robbery)
Chapter 815 — Computer-Related Crimes
Chapter 817 — Fraudulent Practices
Chapter 831 — Forgery and Counterfeiting
Chapter 832 — Worthless Checks
Section 192.037 — Escrow Accounts
Section 206.56 — Theft of State Funds
Section 370.142 — Lobster Trap Tags
Section 415.11 — Abuse, Neglect or Exploitation of Aged Person or Disabled Adult
Section 493.3175 — Sale of Property by a Licensee
Section 494.0018 — Mortgage Brokers
Section 496.413, 496.417 — Solicitation of Contributions
Section 517.301(l)(a) — Fraudulent Securities Transactions
Subsections 585.145(3), 585.85(2) — Veterinary Inspection
Section 687.146 — Loan Brokers
[[Image here]]
Note — Any person sentenced for a felony offense committed after October 1,1988, whose presumptive sentence is any nonstate prison sanction may be sentenced to community control or to a term of incarceration not to exceed 22 months. Such sentence is not *1314 subject to appeal. However, before imposing such sentence, the court shall give due consideration to the criteria in s. 921.005(1). § 921.001(5), Fla.Stat. (Supp.1988).
[[Image here]]
*1315 Rule 3.988(g)
Category 7: Drugs
Section 499.005 — Regulation of Drugs and Cosmetics
Chapter 893 — Drugs
[[Image here]]
Note — Any person sentenced for a felony offense committed after October 1, 1988, whose presumptive sentence is any nonstate prison sanction may be sentenced to community control or to a term of incarceration not to exceed 22 months. Such sentence is not subject to appeal. However, before imposing such sentence, the court shall give due consideration to the criteria in s. 921.005(1). § 921.001(5), Fla.Stat. (Supp.1988).

. The amendments to the forms in Florida Rule of Criminal Procedure 3.988 are appended to this opinion.

. E.g., ch. 92-50, § 1, Laws of Fla. (amending § 784.08(2), Fla.Stat., enhanced penalties for assault or battery committed on a person over the age of 65); ch. 92-73, §§ 3, 4, Laws of Fla. (amending §§ 943.0585(1) and 943.059(1), Fla. Stat., relative to expunction and sealing of criminal records); ch. 92-79, §§ 1, 6, Laws of Fla. (amending §§ 812.014(2)(d) and 812.15, Fla. Stat., relating to petit theft and to obtaining personal property by trick or false pretenses); ch. 92-83, § 1, Laws of Fla. (amending § 827.-071(5), Fla.Stat., regarding possession of material depicting sexual conduct by a child); ch. 92-30, §§ 1, 4, Laws of Fla. (creates §§ 790.115 and 810.095, Fla.Stat., regarding possession of weapons or firearms on school property); ch. 92-141, § 1, Laws of Fla. (adding definitions of proscribed ammunition to § 790.31, Fla.Stat.); ch. 92-155, § 3, Laws of Fla. (creating § 812.15, Fla.Stat., regarding unauthorized reception of cable services); and ch. 92-208, § 1, Laws of Fla. (creates § 784.048, Fla.Stat., regarding stalking).