FARMER, Judge.
Defendant appeals her guidelines departure sentence and the order imposing restitution. She was convicted of attempted first degree murder with a firearm. We reverse and remand for resentencing and an eviden-tiary hearing on the amount of restitution to be imposed.
According to the guidelines scoresheet, the sentencing range was 77⅝-128¾ months. In departing from this range with a sentence of 300 months, the trial judge gave three grounds: (1) a heightened premeditation, as evidenced by testimony at trial that defendant had returned to the scene of the crime “and again tried to kill [the victim] in front of a police officer;” (2) an escalating pattern of *676 criminal conduct; and (3) unscoreable prior offenses. The second and third grounds for departure were based upon defendant’s 1982 shoplifting conviction and a 1982 conviction for hindering the apprehension of a criminal.
The first two grounds relied upon by the trial court are invalid. Heightened premeditation may not be a basis for departure when the crime, as here, includes premeditation as an element. State v. Obojes, 604 So.2d 474 (Fla.1992). Defendant’s guidelines seoresheet tally included the premeditation element. Reusing premeditation as a basis for a departure effectually results in an improper double-scoring of the premeditation element.
The validity of the second ground for departure is controlled by State v. Darrisaw, 660 So.2d 269 (Fla.1995), where the supreme court held that an escalating pattern of criminal conduct requires crimes in temporal proximity to each other or related crimes. As defendant’s prior offenses are neither in temporal proximity nor similar to the conviction, the second ground is equally invalid.
As to the third ground, although the supreme court held that prior unscorea-ble adult convictions are a valid reason for departure, see Smith v. State, 515 So.2d 182, 184 (Fla.1987), cert. denied, 485 U.S. 971, 108 S.Ct. 1249, 99 L.Ed.2d 447 (1988), the holding is prior to the 1986 and 1987 amendments to sections 921.001(5) and 921.001(6), restricting appellate review of departure sentences. In Puffinberger v. State, 581 So.2d 897, 899 (Fla.1991), the court held that a departure sentence based upon an extensive unscorea-ble juvenile record is invalid if the resulting departure sentence is greater than that which would have been imposed had the offenses been scored. When the prior uns-coreable offenses are adult rather than juvenile, there is the same potential for inconsistent sentencing in a departure sentence. Accordingly, we apply the Puffinberger holding to defendant’s prior unscoreable adult offenses. When the departure sentence is analyzed under Puffinberger, it is apparent that the prior unscoreable record is an invalid basis for departure. If the unscored offenses themselves had been scored, the permissible range would have been less than the departure sentence actually imposed.
We also agree that the restitution order is improper. Defendant objected at the sentencing hearing to the amounts of restitution set forth in the presentence investigation report and called the court’s attention to the necessity for the claimant to present evidence as to the amount. The amount of restitution being imposed must be supported by evidence. Langston v. State, 616 So.2d 597 (Fla. 4th DCA), rev. denied, 626 So.2d 206 (Fla.1993). Here the amount of restitution was based on an unsworn assertion in a presentence report. Such assertions are insufficient evidence as to the amount when the defendant objects, as here. Upon remand, the court shall afford defendant an evidentiary hearing on the amount of any restitution.
GLICKSTEIN and STONE, JJ., concur.