932 So.2d 257 (2005)
Curtis Harold KNARICH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4141.
District Court of Appeal of Florida, Second District.
September 9, 2005.
*258 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
In this guidelines sentencing case, Curtis Harold Knarich challenges the fifteen-year upward departure sentence imposed on him after his conviction for handling and fondling a child under the age of sixteen years, a violation of section 800.04(1), Florida Statutes (1997). The trial court *259 imposed the upward departure sentence on account of Knarich's prior military convictions for offenses that could not be scored as prior record under the sentencing guidelines because there was no analogous or parallel Florida crime when Knarich committed the military offenses. Knarich argues that his prior military convictions were not a valid legal ground for the upward departure sentence. We agree. Accordingly, we reverse the departure sentence, and we remand this case to the trial court for Knarich to be resentenced within the guidelines.

BACKGROUND AND PROCEDURAL HISTORY
Knarich has twenty-five convictions under the Uniform Code of Military Justice that predate his conviction for the current offense. This circumstance has led to complications in sentencing Knarich for the crime that he committed more than eight years ago. After a jury trial, Knarich was convicted of handling and fondling a child under the age of sixteen years, in violation of section 800.04(1), a second-degree felony. According to the information, the offense occurred between July 5 and August 11, 1997. Because Knarich's offense was committed before October 1, 1998, the Criminal Punishment Code is inapplicable.[1] Therefore, Knarich must be sentenced under the sentencing guidelines.[2]
Initially, the trial court sentenced Knarich to forty years in prison. The last fifteen years of the sentence were to be suspended, and Knarich was to be placed on fifteen years of sex offender probation. This court reversed the original sentence after concluding that the trial court had improperly scored Knarich's prior military convictions. Knarich v. State, 766 So.2d 404 (Fla. 2d DCA 2000) (Knarich I). We held that the trial court had erred by scoring Knarich's military convictions as prior record without comparing the elements of the military offenses to the specific elements of a comparable offense. Id. at 405.
On remand for resentencing, the trial court imposed a thirty-five-year prison sentence. The last ten years of the sentence were to be suspended, and Knarich was to be placed on ten years of sex offender probation. This court reversed the sentence imposed on remand and again remanded for resentencing. Knarich v. State, 866 So.2d 165 (Fla. 2d DCA 2004) (Knarich II). We held that the trial court had erred by comparing Knarich's military offenses committed from 1982 to 1984 to offenses that were prohibited under Florida law when Knarich committed his 1997 Florida offense. Id. at 170. This court directed the trial court on remand to resentence Knarich after comparing the military offenses "to offenses that were contained in the Florida Statutes that were in effect at the time the military offenses were committed." Id.
On the second remand for resentencing, the State conceded that Knarich's prior military offenses could not be scored as prior record under the guidelines because *260 there was no Florida offense analogous to the military convictions when those offenses occurred.[3] Without scoring Knarich's military convictions as prior record, the guidelines range for Knarich's current offense was for a prison term ranging from four years and three months to seven years. However, the State urged the trial court to impose an upward departure sentence based on the nonscoreable military convictions. The trial court agreed, and it resentenced Knarich to the current fifteen-year sentence. In an order providing its reason for imposing the upward departure sentence, the trial court said "that the Defendant [Knarich] had prior unscoreable adult offenses of a similar nature to the offense committed herein." Knarich has appealed the upward departure sentence.

THE ISSUE
Knarich raises two points on appeal. We need address only Knarich's argument that his prior nonscoreable military convictions did not constitute a valid legal ground for a departure sentence. This is a question of law that we review de novo. See Banks v. State, 732 So.2d 1065, 1067 (Fla.1999); Daniels v. State, 884 So.2d 220, 222 (Fla. 2d DCA 2004).
Florida Rule of Criminal Procedure 3.703(d)(15) defines "prior record" for the purpose of determining the defendant's sentence points to be assessed on account of his or her prior criminal convictions. In pertinent part, the rule provides:
"Prior record" refers to any conviction for an offense committed by the offender prior to the commission of the primary offense, excluding any additional offenses pending before the court for sentencing. Prior record shall include convictions for offenses committed by the offender as an adult or as a juvenile [and] convictions by . . . military . . . courts. . . . [M]ilitary . . . convictions are scored at the severity level at which the analogous or parallel Florida crime is located.
(A) Convictions for offenses committed more than 10 years prior to the date of the commission of the primary offense are not scored as prior record if the offender has not been convicted of any other crime for a period of 10 consecutive years from the most recent date of release from confinement, supervision, or other sanction, whichever is later, to the date of the commission of the primary offense.
(B) Juvenile dispositions of offenses committed by the offender within 3 years prior to the date of the commission of the primary offense are scored as prior record if the offense would have been a crime if committed by an adult. . . .
. . . .
(D) Any uncertainty in the scoring of the offender's prior record shall be resolved in favor of the offender[.]
In accordance with the rule, military convictions are to be scored "at the severity level at which the analogous or parallel Florida crime is located." Id. In determining whether a conviction from another jurisdiction is analogous to a Florida crime for the purpose of calculating sentencing points, the elements of the crime committed in the foreign jurisdiction, and *261 not the underlying facts, must be considered. Dautel v. State, 658 So.2d 88, 91 (Fla.1995); Knarich II, 866 So.2d at 168. If Florida has no statute containing elements of the offense analogous to the statute from another jurisdiction under which the defendant was convicted, no points may be scored for that conviction as prior record. See Mohammed v. State, 561 So.2d 384, 387 (Fla. 1st DCA 1990).
On the second remand of Knarich's case for resentencing in the trial court, the State conceded that Knarich's prior military convictions could not be scored as prior record because there was no analogous or parallel statute in effect when Knarich committed his military offenses. The trial court agreed that the military offenses were not scoreable as prior record but relied on them as its sole basis for imposing an upward departure sentence. Thus the issue presented is whether Knarich's nonscoreable military convictions constitute a valid legal ground for an upward departure sentence.

NONSCOREABLE OFFENSES AND UPWARD DEPARTURES
The sentencing guidelines do not answer the issue posed by the unusual facts in Knarich's case. Section 921.0016(2), Florida Statutes (1997), does provide that a departure sentence is discouraged unless there are circumstances or factors which reasonably justify the departure. Section 921.0016(3) sets forth a list of aggravating circumstances under which a departure from the guidelines is reasonably justified. The statutory list of aggravating circumstances does not include prior convictions from other jurisdictions for which there was no analogous or parallel Florida crime when the foreign offense was committed. However, the list contained in the statute is illustrative rather than exclusive. Id.; see also Fla. R.Crim. P. 3.703(d)(30). In support of the sentence imposed by the trial court, the State relies on three circumstances in which nonscoreable offenses can be used as a basis for an upward departure sentence. We turn now to an examination of these three instances of departures based on nonscoreable offenses.

Nonscoreable Capital Convictions
The first of these circumstances involves nonscoreable capital convictions. Our supreme court has previously held that a trial court may depart from the sentencing guidelines based on a contemporaneous unscored capital conviction. See Bunney v. State, 603 So.2d 1270, 1271 (Fla.1992); Livingston v. State, 565 So.2d 1288, 1292 (Fla.1988); Hansbrough v. State, 509 So.2d 1081, 1087 (Fla.1987). A rule authorizing a departure based on a contemporaneous unscored capital felony was added to the guidelines in 1993 with the addition of the following language to rule 3.701(d)(12): "Where the offender is being sentenced for a capital felony and other noncapital felonies that arose out of the same criminal episode or transaction, the sentencing court may impose any sentence authorized by law for the noncapital felonies." Amendments to Florida Rules of Criminal Procedure, 613 So.2d 1307, 1308 (Fla.1993).
Our supreme court's decision in Smith v. State, 515 So.2d 182, 184 (Fla.1987), suggests that a prior nonscoreable capital conviction will also support a departure sentence. Under the 1995 amendments to the guidelines, a prior nonscoreable capital felony triples the points the defendant receives for the primary offense and any additional offense. Ch. 95-184, § 6, Laws of Fla., codified as § 921.0014(1)(a); see also Fla. R.Crim. P. 3.703(d)(13).

Remote Convictions
Convictions that are not scored under the guidelines because they are too remote in time from the primary offense *262 constitute a second circumstance in which nonscoreable convictions may serve as a basis for departure. In accordance with rule 3.703(d)(15)(B), juvenile offenses committed within three years prior to the commission of the primary offense are scored as prior record if the offense would have been a crime if committed by an adult. Thus juvenile offenses more than three years oldwith certain exceptions not material hereare not scoreable as prior record. But such remote nonscoreable juvenile offenses constitute an aggravating circumstance under which a departure is reasonably justified. § 921.0016(3)(s). Any departure based on nonscoreable juvenile offenses is subject to the limitation established in Puffinberger v. State, 581 So.2d 897, 899-900 (Fla.1991), that the resulting departure sentence can be "no greater than that which the defendant would have received if the record had been scored."
Similarly, three of our sister district courts have approved departure sentences based on convictions for adult offenses that were too remote in time to be scoreable as prior record. Knotts v. State, 533 So.2d 826, 827 (Fla. 1st DCA 1988); Evrard v. State, 502 So.2d 3, 4 (Fla. 4th DCA 1986); Mullen v. State, 483 So.2d 754, 756 (Fla. 5th DCA 1986), disapproved on other grounds by Hernandez v. State, 575 So.2d 640 (Fla.1991). The Fourth District has held that the limitation on the length of a departure sentence based on nonscoreable prior record imposed by our supreme court in Puffinberger applies as well to a departure based on adult offenses that are not scored because they are too remote in time. Freeman v. State, 663 So.2d 675, 676 (Fla. 4th DCA 1995).

Nonscoreable "Out-of-Sequence" Convictions
The third circumstance in which a departure sentence is authorized based on prior convictions that are not scored under the guidelines involves the nonscoreable "out-of-sequence" conviction. In Harris v. State, 685 So.2d 1282 (Fla.1996), Harris had committed a robbery and then committed a burglary two days later. He was convicted and sentenced for the burglary first. At Harris's later sentencing for the robbery, the burglary did not qualify as "prior record" for scoring under the guidelines because the burglary occurred after the robbery. The burglary did not qualify as an "additional offense" either because the sentencing for the burglary was not pending before the court with the robbery. Because the burglary was not scoreable under the guidelines, Harris's case fell "between the cracks." Id. at 1285. Noting that the disallowance of any departure would result in "an unearned windfall" to Harris because his cases were tried "out of sequence," the supreme court held that the nonscoreable burglary could be used as a basis for a departure sentence under these circumstances. Id. Nevertheless, the court also held that the Puffinberger limitation would be applicable to any departure sentence. Therefore, the departure sentence was required to be within the recommended or permitted range that would have been allowable if the burglary had been scored as prior record. Id.

ANALYSIS
As we have seen, there are three circumstances previously recognized as valid legal grounds for departure based on nonscoreable offenses: capital felonies, remote juvenile or adult convictions, and out-of-sequence convictions. Knarich's prior military convictions do not fall into any of these three categories. The convictions are not nonscoreable because they are too remote but, rather, because there is no analogous or parallel Florida crime to which they can be compared for scoring purposes. Thus, for this court to affirm *263 Knarich's upward departure sentence, we would necessarily have to recognize a fourth circumstance in which nonscoreable convictions may serve as a valid legal ground for departure.
The State urges us to take this step on the basis that Knarich's nonscoreable military convictions are an aggravating factor that is not considered in the sentencing guidelines. The State compares the nonscoreable military convictions to capital felonies that are not scored because the guidelines specifically exclude them.
The State's argument is unpersuasive. The purpose of the sentencing guidelines is to establish a uniform set of standards to guide trial courts in imposing sentences for conduct that the legislature has determined warrants the sanction of the Florida Criminal Code. See § 921.001(4). The three recognized circumstances in which departures from the guidelines based on nonscoreable convictions are permitted are disparate. However, there is one critical factor that unites them. In each of the three instances in which a departure based on a nonscoreable conviction is authorized, the unscored conviction that forms the basis for departure was for an offense that was defined as a crime under Florida law when that offense was committed. It follows that an upward departure based on such a nonscoreable conviction is consistent with the legislature's determination concerning the type of conduct that warrants the sanction of the criminal law.
Conversely, it is inconsistent with the legislature's determination of the conduct that warrants criminalization to impose an upward departure on persons such as Knarich based on a conviction for an offense for which there was no analogous or parallel crime in Florida when the offense was committed. We agree that the conduct for which Knarich was convicted in the trial court was reprehensible and deplorable.[4] But in Knarich's case, the justification for enhanced penalties resulting from nonscoreable convictions for offenses that constituted crimes in Florida when the conduct occurred is missing. Indeed, it would be anomalous to permit a trial court to impose an upward departure sentence based on a conviction for an offense committed in another jurisdiction that did not constitute a crime in Florida when the offense occurred.

CONCLUSION
For these reasons, Knarich's upward departure sentence is not based on a valid legal ground and must be reversed. On remand, the trial court shall resentence Knarich within the guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla.1987); Patten v. State, 531 So.2d 203 (Fla. 2d DCA 1988).
Sentence reversed; remanded for resentencing.
FULMER, C.J., and VILLANTI, J., Concur.
NOTES
[1] The Criminal Punishment Code was established effective October 1, 1998, and applies to all felonies, except capital felonies, committed on or after that date. Ch. 97-194, § 42, Laws of Fla.; see also § 921.0027, Fla. Stat. (1997).
[2] The window period for challenging a guidelines sentence as invalid due to the amendments made by chapter 95-184, Laws of Florida, closed on May 24, 1997. Trapp v. State, 760 So.2d 924, 928 (Fla.2000); see also Heggs v. State, 759 So.2d 620 (Fla.2000). Knarich's offense was committed after that date. Thus Knarich is subject to sentencing under the 1995 guidelines. See §§ 921.0011-.0016, Fla. Stat. (1997); Fla. R.Crim. P. 3.703.
[3] The pertinent elements of Knarich's 1982 to 1984 military offenses involved offenses against a child under the age of sixteen years. By contrast, the comparable lewd and lascivious statute in effect in Florida at the same time, section 800.04, required that the child be under the age of fourteen years. Effective October 1, 1984, ch. 84-86, § 8, Laws of Fla., the age threshold for a victim of this offense was changed from under fourteen years to under sixteen years, id. § 5(1).
[4] The trial court's inability to impose a departure sentence on Knarich on account of his prior military offenses does not mean that he will avoid serving a prison term for his conduct. As we have previously noted, the guidelines range for Knarich's 1997 offense is for a prison term ranging from four years and three months to seven years. Knarich has already been incarcerated on account of his offense for a period that substantially exceeds his maximum seven-year sentence under the guidelines.