802 So.2d 1210 (2002)
Larry L. HOLLINGSWORTH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4553.
District Court of Appeal of Florida, Second District.
January 9, 2002.
DAVIS, Judge.
Larry L. Hollingsworth challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the order of the trial court and remand for resentencing.
*1211 Hollingsworth was sentenced as a habitual offender on the offenses of attempted first-degree murder and two counts of lewd and lascivious acts, which were committed in 1994. In his rule 3.800(a) motion, Hollingsworth alleged that his habitual offender sentences were illegal because his present offenses were not committed within five years of the date of his last prior felony conviction or other qualified offense or within five years of his "release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense." § 775.084(1)(a)2, Fla. Stat. (1993). The trial court correctly found that in 1992 Hollingsworth was sentenced to incarceration upon revocation of probation in regard to a Michigan felony conviction. However, the trial court incorrectly denied Hollingsworth's motion on this basis.
The attachments to the trial court's order, including the sentencing transcript, show that the Michigan felony relied upon to bring Hollingsworth within the five-year window for qualifying as a habitual offender was the offense of larceny within a building. For a felony conviction from another state to be considered a qualified offense for purposes of the habitual offender statute, the offense in question must be substantially similar in elements to a Florida felony offense and must be punishable by a term of imprisonment in excess of one year. § 775.084(1)(c), Fla. Stat. (1993); Robinson v. State, 692 So.2d 883 (Fla. 1997). The felony offense of larceny in a building is contained in Michigan Compiled Laws, section 750.360 (1979), which states:
Any person who shall commit the crime of larceny by stealing in any dwelling house, house trailer, office, store, gasoline service station, shop, warehouse, mill, factory, hotel, school, barn, granary, ship, boat, vessel, church, house of worship, locker room or any building used by the public shall be guilty of a felony.
There is no felony offense in the Florida Statutes that is substantially similar in elements to the Michigan offense of larceny in a building. In Florida, the elements of burglary require that the premises in question are not at that time open to the public, and a defendant does not commit the offense of burglary where he is invited or licensed to remain on the premises. § 810.02(1), Fla. Stat. (1993). The Michigan statute is far broader and would allow a conviction where a defendant committed larceny in a store that was open to the public or even where he stole office supplies from his workplace. Furthermore, the Michigan statute contains no dollar amount as does Florida's grand theft statute. See § 812.014(1), Fla. Stat. (1993). Thus, we conclude that the Michigan offense of larceny in a building is not a qualified offense for purposes of the habitual offender statute.
A claim that a predicate offense does not qualify a defendant to be sentenced as a habitual offender is cognizable in a rule 3.800(a) motion. Baxter v. State, 769 So.2d 1097 (Fla. 2d DCA 2000). Accordingly, we reverse the order of the trial court and remand for resentencing on Hollingsworth's habitual offender sentences.[1] At the new sentencing hearing, the State may attempt to properly qualify Hollingsworth as a habitual offender.
Reversed and remanded.
ALTENBERND and NORTHCUTT, JJ., Concur.
NOTES
[1] This may be something of a Pyrrhic victory for Hollingsworth since he is currently serving a life sentence on a sexual battery conviction, a life felony which was charged in the same information and which was not subject to habitualization under the habitual offender statute in effect at the time Hollingsworth committed the offenses.