CASANUEVA, Judge.
Larry L. Hollingsworth appeals his upward departure sentence imposed upon re *771 mand from a reversal of his original sentence in Hollingsworth v. State, 802 So.2d 1210 (Fla. 2d DCA 2002). We again reverse.
At the reconvened sentencing hearing following the mandate from this court reversing Mr. Hollingsworth’s habitual offender sentence, the State sought an upward departure from the guidelines recommendation. Defense counsel on remand had not represented Mr. Hollings-worth at his original trial and told the court that she was unprepared to argue in mitigation because the prosecutor had told her that he would be seeking merely a guidelines sentence. She was understandably concerned that she had been misled by the State. Because she was unfamiliar with Mr. Hollingsworth’s personal history and the evidence presented at his trial, and to avoid any prejudice to him, she requested a delay in the proceedings to bring before the court Mr. Hollingworth’s trial counsel who could better present the case for mitigation of his sentence.
Before defense counsel’s request was concluded, the trial court interjected and commenced a discussion regarding the current sentence.[1] Without affording defense counsel an opportunity to conclude her argument for a delay, the trial court proceeded to impose an upward departure sentence. At the sentencing hearing’s close, defense counsel objected and again sought a delay, explaining that because she was unaware of the facts of the case she could not argue for mitigation and asking that Mr. Hollingsworth’s original attorney be summoned and allowed to address the issue.
Once it became clear that defense counsel believed the State had misrepresented its position, two courses of conduct were required. First, defense counsel was required, as she did, to seek a continuance to insure Mr. Hollingsworth’s interests were protected, and second, the trial court was required to explore the feasibility of a delay so as to avoid the possibility of legal prejudice occurring in the sentencing hearing. Because the trial court failed to explore the feasibility of a delay so as to afford Mr. Hollingsworth the presence of trial counsel at the sentencing hearing, the trial court abused its discretion.
Reversed and remanded for a new sentencing hearing. The State may seek, as it did before, a departure sentence based on the facts of Appellant’s case as they were at the original sentencing. See State v. Teal, 831 So.2d 1254 (Fla. 2d DCA 2002).
FULMER and THREADGILL, EDWARD F., Senior Judge, concur.

. On rehearing, the State presents several arguments, including that the sequence of events at the resentencing hearing permits the drawing of several conflicting inferences. We find this argument persuasive. One possible inference is that the prosecutor was foreclosed from correcting any of defense counsel’s misapprehensions by the trial court’s own precipitous action in proceeding with sentencing and not allowing any further interruption. Another possible inference is that the prosecutor stood silent when defense counsel claimed that she had been misled by the State on its sentencing position because defense counsel was correctly stating what had occurred. If defense counsel had been, in fact, affirmatively misled, this would indeed be disturbing. Lack of candor to opposing counsel is no less excusable than lack of candor to the court. See Auerbach v. McKinney, 549 So.2d 1022, 1031 n. 6 (Fla. 3d DCA 1989). On this record, however, we do not conclude that the assistant state attorney exhibited a lack of candor. In any event, Mr. Hollingsworth was prejudiced and resentencing is required.