866 So.2d 127 (2004)
Curtis A. MALLORY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-908.
District Court of Appeal of Florida, Fourth District.
February 11, 2004.
Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of possession of a firearm by a convicted felon and argues that the trial court erred in denying his motion to suppress evidence. His counsel acknowledges that the motion to suppress, which was denied before trial, was not renewed during trial, and was therefore waived under our case law. State v. Gaines, 770 So.2d 1221 (Fla.2000). A recent statutory amendment, however, purports to eliminate the need to renew the objection at trial.
Section 90.104(1)(b), Florida Statutes, was amended by the 2003 legislature to provide:

*128 If the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.
The amendment became effective July 1, 2003. Ch.2003-259, Laws of Fla. If this statute is procedural, it applies to pending cases such as this one. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352 (Fla. 1994).
Because the Florida Supreme Court, under Article V, § 2(a) of the Florida Constitution, is the exclusive branch of government empowered to adopt rules for practice and procedure in all courts, this statute, if procedural, would be unconstitutional. We are not addressing the validity of the statute because the parties have not cited the statute or addressed the issue.
Even if this statute is procedural, we recommend that our supreme court adopt it as a rule. See State v. Smith, 260 So.2d 489 (Fla.1972) (noting that the court had previously adopted an unconstitutional statute purporting to allow nonfinal appeals in criminal cases as a rule of appellate procedure).
Based on our experience, this preservation requirement, applied as far back as Robertson v. State, 94 Fla. 770, 114 So. 534 (1927), may have outlived its usefulness, particularly in criminal cases. We say this because we see many cases in which there has been a definitive ruling on a motion to suppress prior to trial, but defense counsel neglects to renew the objection during trial, precluding us from ruling on the merits. This will routinely result in a subsequent proceeding under rule 3.850, in which the defendant alleges that his trial counsel was incompetent for failing to preserve the error. A denial of relief will then result in a second appeal.
Because most pretrial denials of motions to suppress are based on findings of fact, the vast majority of those rulings, when considered on the merits, are affirmed on appeal. If we could decide those on direct appeal, it would eliminate the need for postconviction proceedings on that issue.
As we understand it, the rationale behind the rule requiring the objection to be renewed at trial is that the facts may have changed and, given another opportunity to consider the issue, the trial court could rule differently. The new statute does not preclude a party from asking the court to reconsider the prior ruling at trial. It only eliminates the necessity of having to make a perfunctory renewal of the objection.
Because statutes are presumed constitutional and given effect until they are declared unconstitutional, Ison v. Zimmerman, 372 So.2d 431 (Fla.1979), we apply the statute and reach the merits of the ruling on the motion to suppress. Concluding that there is competent substantial evidence to support the trial court's finding that the firearm was not obtained as the result of an illegal search and seizure, we affirm.
STONE and HAZOURI, JJ., concur.