988 So.2d 154 (2008)
Dexter WARTHEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4847.
District Court of Appeal of Florida, Fourth District.
August 6, 2008.
*155 Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
Dexter Warthen ("Warthen") appeals his convictions and sentences for two counts of misdemeanor battery. In response, the state cross-appeals on the grounds that the trial court erred by dismissing Warthen's felony battery charges and adjudicating Warthen guilty of the lesser included offenses of battery (an element of felony battery) after a jury found him guilty of those charges. We affirm on all grounds and write only to address the state's cross-appeal.
On September 7, 2005, Warthen was charged by information with two counts of armed kidnapping, two counts of sexual battery, and three counts of felony battery. The felony battery counts were predicated on prior battery convictions. See § 784.03(2), Fla. Stat. (2005).[1] The trial court elected to conduct a bifurcated trial and properly followed the bifurcation procedure outlined by the Florida Supreme Court in State v. Harbaugh, 754 So.2d 691 (Fla.2000). See also Jackson v. State, 881 So.2d 711 (Fla. 3d DCA 2004); Smith v. State, 771 So.2d 1189 (Fla. 5th DCA 2000).
First, the jury determined whether Warthen was guilty of the present incidents of battery, along with the other charges. At the conclusion of the first phase of the trial, the jury found Warthen guilty of two counts of misdemeanor battery and not guilty on the other charges. The same jury reconvened to consider the second element of the felony battery charges based upon the state's introduction of evidence that Warthen had been previously convicted of battery. After the jury failed to reach a verdict, the trial court dismissed the jury. At a subsequent hearing, the state argued that a new jury should decide whether Warthen had previously been convicted of battery and was, therefore, guilty of felony battery. The state further argued that it was not necessary for a newly empanelled jury to determine Warthen's guilt on the present incidents of battery contained in the information since he had been previously found guilty of those crimes. The trial court rejected the state's argument, adjudicated Warthen guilty on two counts of *156 misdemeanor battery, and sentenced him accordingly.
On cross-appeal, the state characterizes the trial court's actions as an improper dismissal of the felony battery counts where the jury found the defendant guilty of the present incidents of battery, but was unable to reach a verdict on the issue of Warthen's prior convictions. The state also argues that a new jury should decide only whether Warthen had any prior battery convictions, and, if so, then he is guilty of felony battery. In response, Warthen argues that the actions taken by the trial court effectively acquitted him of the felony battery counts, and that retrying him on those charges would violate Federal and State constitutional prohibitions against double jeopardy. For that reason, Warthen asserts that his misdemeanor convictions should not be disturbed.
The jury's verdict and the trial court's adjudication on the misdemeanor battery charges, constituted an acquittal of the felony battery charge because the ruling represented a resolution of the present incidents of battery. State v. Gaines, 770 So.2d 1221, 1226 (Fla.2000), citing United States v. Scott, 437 U.S. 82, 96, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978).[2] We find support for our conclusion in the fact that the state argues that a retrial on the present incidents of battery is unnecessary. However, we cannot adopt the state's position, because to do so would result in different juries deciding separate elements of felony battery. This result is contrary to the well established principle that a criminal defendant is entitled to have the same jury decide whether the state has proven beyond a reasonable doubt all elements of the crime charged. Cf. Harbaugh, 754 So.2d at 694 (holding that one jury must decide all the elements in a bifurcated trial).[3] Accordingly, subjecting Warthen to retrial would subject him to double jeopardy for those crimes which the jury resolved.
Affirmed.
SHAHOOD, C.J., and KLEIN, J., concur.
NOTES
[1] Under section 784.03(2) felony battery is defined as "[a] person who has one prior conviction for battery ... and who commits any second or subsequent battery commits a felony...."
[2] Superceded by statute on other grounds. See Mallory v. State, 866 So.2d 127 (Fla. 4th DCA 2004).
[3] In an analogous situation, the Supreme Court held that a judge cannot determine an element of a criminal offense in a jury trial because due process of law and the Sixth Amendment require that criminal convictions "rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged...." United States v. Gaudin, 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (Footnote omitted).