STEVENSON, J.
 

 Kenneth Davis was adjudicated guilty of third-degree felony DUI. Though a jury found Davis guilty of driving under the influence, the record is devoid of any evidence of the predicate prior offenses necessary to sustain a conviction for felony DUI, so we reverse.
 

 Davis was charged by information with felony DUI pursuant to sections 316.193(1) and 316.193(2)(b)l., Florida Statutes (2005), which provide that a defendant is guilty of a felony DUI if he “is convicted of a third violation of this section for an offense that occurs within 10 years after a prior conviction for a violation of this section.” Defense counsel filed a motion for a bifurcated trial, asking that the
 
 jury
 
 determine Davis’s prior convictions, if they find him guilty of the instant DUI. Subsequently, prior to the commencement of voir dire, defense counsel orally stated that he had previously filed a motion for a bifurcated trial and for the
 
 court
 
 to determine Davis’s prior convictions. The State did not object, and the trial court granted the request.
 

 The facts surrounding the instant DUI were presented to the jury. Before the jury returned its verdict, the trial court clarified that the parties had stipulated that if there was a guilty verdict, the priors would be determined by the
 
 court.
 
 Davis was present, and all of the parties agreed. The jury returned a guilty verdict. Defense counsel requested that the parties return on a later date to address the priors and conduct sentencing. He indicated that the defense may stipulate to the priors, but they were not yet prepared to do so. At the subsequent sentencing hearing, Davis’s prior DUI offenses were never mentioned, and no stipulation was presented, but Davis was nonetheless adjudicated guilty of felony DUI and sentenced to 364 days in jail, followed by thirty-six months of probation.
 

 The requirement of prior DUI offenses is considered an element of felony DUI, which the State is required to prove beyond a reasonable doubt.
 
 See Johnson v. State,
 
 994 So.2d 960, 963 (Fla.2008) (citing
 
 State v. Finelli,
 
 780 So.2d 31, 33 (Fla.2001));
 
 State v. Harbaugh,
 
 754 So.2d 691, 694 (Fla.2000). Because the instant record lacks any findings about Davis’s prior DUI offenses or evidence establishing Davis’s prior DUI offenses, we agree with Davis that the State failed to satisfy this element. In order to cure this defect, findings about the predicate prior offenses would need to occur in the circuit court.
 

 
 *889
 
 In
 
 State v. Rodriguez,
 
 575 So.2d 1262, 1266 (Fla.1991), our supreme court held that when a defendant is charged with felony DUI, if he elects to be tried by a jury, the court must conduct a jury trial on the elements of the single incident of DUI at issue without allowing the jury to learn of the alleged prior offenses, and, if the jury returns a guilty verdict, the trial court would then conduct a separate proceeding to determine if the defendant had been convicted of the requisite prior offenses. In
 
 Hcvvbaugh,
 
 our supreme court modified this process, holding that the jury, unless waived by the defendant, must decide the issue of the defendant’s prior convictions as well.
 
 See
 
 754 So.2d at 694. A valid waiver is either a written waiver signed by the defendant or an oral waiver preceded by a proper colloquy during which the trial judge focuses on the value of a jury trial and provides a full explanation of the consequences of a waiver.
 
 Johnson,
 
 994 So.2d at 963. A defendant’s silence does not establish a valid waiver.
 
 Id.
 

 In the instant case, Davis never validly waived his right to a jury trial as to his prior offenses. This court cannot deem such an error harmless because there is no record evidence of the prior offenses to show that if a jury trial had occurred during the second phase, Davis would most likely have been convicted of felony DUI, as the jury would have likely found the existence of the priors.
 
 See id.
 
 at 965. Moreover, in the absence of a valid waiver, Davis was entitled to have the same jury decide whether the State proved beyond a reasonable doubt all elements of the crime charged, meaning the prior offenses portion cannot be considered on remand.
 
 See Harbaugh,
 
 754 So.2d at 694 n. 5. Alternatively, subjecting Davis to retrial as to the instant DUI would violate double jeopardy.
 
 See Warthen v. State,
 
 988 So.2d 154, 156 (Fla. 4th DCA 2008). Even if this court concluded that Davis validly waived his right to a jury trial as to his prior offenses, the record does not reflect evidence of these prior offenses on which to base a conviction for felony DUI. Thus, we reverse and remand, directing the trial court to vacate Davis’s adjudication and sentence for felony DUI and adjudicate him as to only the instant DUI of which the jury found him guilty.
 

 Reversed and remanded.
 

 WARNER and POLEN, JJ., concur.