ALTENBERND, Judge.
 

 George W. Hankins appeals the trial court’s order denying his motion to correct an illegal sentence filed pursuant to
 
 *872
 
 Florida Rule of Criminal Procedure 3.800(a). Mr. Hankins claims that his prison releasee reoffender (PRR) sentence of life in prison in circuit court case number 02-CF-012635 is illegal because he did not qualify to be sentenced as a PRR. The trial court denied the motion on the basis that Mr. Hankins was challenging the sentencing process and that such a challenge was not proper in a motion filed pursuant to rule 3.800(a). Although it is true that sentencing procedures are generally not a subject for review under rule 3.800(a), we conclude that the trial court has misconstrued Mr. Hankins’ claim. Accordingly, we reverse and remand for further proceedings.
 

 The narrow issue in this case is whether a specific offense under New York law can serve as the predicate offense for PRR sentencing. It is apparent from the record that the trial court and others who have examined Mr. Hankins’ case have assumed that this issue could be determined based upon a factual description of Mr. Hankins’ acts in New York, rather than upon the elements of the New York offense. We conclude that this assumption is wrong and that, under Florida sentencing law, the question of whether the offense in New York qualifies Mr. Hankins for PRR sentencing is determined by an examination of the legal elements of the New York offense. We note that another judge in a separate case appears to have analyzed the question as one of law and has agreed with Mr. Hankins. We are not binding this trial court by the decision of the other trial court, but that decision is at least persuasive.
 

 I. The Three Armed Robberies in Florida in 2002
 

 Mr. Hankins was released from prison in New York in 2002 and quickly came to Florida, committing three robberies while armed with a BB gun. These armed robberies were all committed in Hillsborough County on, respectively, July 29, July 31, and August 5, 2002. This case involves the armed robbery committed on August 5.
 

 The cases were not resolved by the same trial judge and were not resolved in chronological order. Mr. Hankins was first convicted of the August 5 armed robbery in circuit court case number 02-CF-012635 and sentenced by Judge Debra Behnke to life in prison as a PRR, which is the sentence being challenged in this post-conviction appeal.
 

 Next, in case no. 02-CF-012873, he was convicted of the July 31 armed robbery. Initially, Judge J. Rogers Padgett sentenced Mr. Hankins to life in prison as a PRR. The PRR designation in that case was based on the same New York offense that was relied upon by Judge Behnke. During the direct appeal process, Judge Padgett granted a motion to correct sentencing error, finding that the New York prior conviction did not qualify Mr. Han-kins for PRR sentencing. On April 11, 2005, Mr. Hankins was resentenced to fifteen years in prison under the Criminal Punishment Code. On direct appeal, this court affirmed the judgment and Criminal Punishment Code sentence without a written opinion. See
 
 Hankins v. State,
 
 928 So.2d 1228 (Fla. 2d DCA 2006) (table decision). The State did not cross-appeal the resentencing and change of Mr. Hankins’ sentence from a PRR sentence to a Criminal Punishment Code sentence.
 

 Finally, in case no. 02-CF-012875, Mr. Hankins was convicted of the July 29 armed robbery with a weapon and sentenced to thirty years in prison as both a habitual felony offender (HFO) and PRR. The PRR designation was again based on his release from confinement in New York due to the same criminal possession of a weapon conviction. On direct appeal, this court struck the HFO designation but oth
 
 *873
 
 erwise affirmed the judgment and sentence.
 
 See Hankins v. State,
 
 886 So.2d 1026 (Fla. 2d DCA 2004). That sentence is not challenged in these proceedings.
 

 II. The New York Offenses
 

 The records in Mr. Hankins’ trial court file from New York are not extensive. They indicate that he has been in prison in New York on several occasions since 1992 and that he was last released on January 3, 2002. It appears that his last imprisonment in New York was based on convictions for petit larceny, menacing in the second degree, and criminal possession of a weapon in the third degree. In the Florida cases, the State has argued that the criminal possession of a weapon in the third degree is the qualifying offense for Mr. Hankins’ treatment as a prison releas-ee reoffender. That offense is a violation of section 265.02(1) of the New York Penal Code. The record does not contain a copy of that offense as it was codified in New York at the time of the offense, which appears to have occurred in 1997.
 

 At the sentencing hearing before Judge Behnke, of which we do have a transcript, the State did not argue that the elements of the New York offense qualified Mr. Hankins for treatment as a prison release reoffender. Instead, the discussion centered on whether Mr. Hankins’ actions— apparently waving a partially opened, serrated three-inch pocketknife — would constitute a felony in Florida.
 

 III. The Florida PRR Statute
 

 Section 775.082(9)(a), Florida Statutes (2002), establishes that eligibility for a PRR designation on account of a release from out-of-state incarceration requires that the incarceration have been for “an offense for which the sentence is punishable by more than 1 year in this state.”
 
 [1]
 
 The statute does not explain how one makes this determination. It is noteworthy that the statute does not refer to the actions or conduct in another state, but rather to an “offense.”
 

 In the context of criminal score-sheets, the supreme court has held that only the elements of an out-of-state conviction, and not the facts underlying the conviction, can be considered in determining whether the out-of-state conviction is analogous to a Florida offense.
 
 See Dautel v. State,
 
 658 So.2d 88, 91 (Fla.1995).
 
 [2]
 
 The supreme court has counseled that in making comparisons between out-of-state and Florida offenses, the statutory language must be strictly construed in favor of the defendant.
 
 See Carpenter v. State,
 
 785 So.2d 1182, 1205 (Fla.2001). Especially in light of the statutory requirement that we interpret criminal státutes strictly in favor of the defendant, § 775.021, we conclude that the out-of-state offense referred to in section 775.082(9)(a) must be interpreted to require that the elements of the out-of-state offense would be sufficient for a conviction under a Florida statute that is punishable as a felony.
 
 [3]
 

 Without a copy of the relevant New York statute in this record, we decline to take judicial notice of the elements of Mr. Hankins’ New York offense in 1997. At least on preliminary review, it would ap
 
 *874
 
 pear that the statute merely required that he possess a knife while having previously been convicted of any crime.
 
 See
 
 N.Y. Penal Law § 265.01, .02 (McKinney 1996). The closest Florida felony offense would seem to be possession of a
 
 concealed
 
 weapon by a person having previously been convicted of an offense that is a felony.
 
 See
 
 § 790.23(l)(d), Fla. Stat. (1995). The New York statute does not include the element of concealment, and the New York statute allows the prior conviction to be for any crime, not just for a felony.
 
 See People v. Cornish,
 
 104 Misc.2d 72, 427 N.Y.S.2d 564, 566 (1980).
 

 Thus, at least preliminarily, this court is inclined to believe that Judge Padgett was correct and that Mr. Hankins’ New York conviction is not a sufficient conviction to support PRR sentencing in this case.
 
 See generally Hollingsworth v. State,
 
 802 So.2d 1210, 1211 (Fla. 2d DCA 2002) (finding that an out-of-state prior conviction not substantially similar in elements to a Florida felony is not a qualified offense for purposes of the habitual offender statute).
 

 The trial court denied Mr. Hankins’ motion on the grounds that it presented a procedural error that would not be cognizable under rule 3.800(a). Because the lawfulness of Mr. Hankins’ life sentence as a PRR is a purely legal question that can be determined from the content of the applicable New York and Florida statutory law, we hold the trial court erred in ruling this motion was not cognizable under rule 3.800(a). The State, however, has not had an opportunity to develop the issue in the trial court. Therefore, on remand, the trial court shall conduct further proceedings consistent with this opinion. If it ultimately determines that Mr. Hankins’ sentence as a PRR is illegal, it shall vacate the sentence and resentence Mr. Hankins in accordance with the proper law.
 
 See Plute v. State,
 
 835 So.2d 368 (Fla. 2d DCA 2003). We note that a guidelines sentence for this offense would still permit the trial court to exercise its discretion to impose a life sentence, but that decision would not be compelled as it is under the statutes applicable to prison releasee reoffenders.
 

 Reversed and remanded with directions.
 

 WHATLEY and VILLANTI, JJ„ Concur.
 

 [1]
 

 .In contrast, for purposes of sentencing a defendant as a habitual felony offender, section 775.084(l)(e) defines a “qualifying offense” to include one “that was punishable
 
 under the law of such jurisdiction
 
 ... by death or imprisonment exceeding 1 year.” (Emphasis added.)
 

 [2]
 

 .
 
 See also Aldacosta v. State,
 
 41 So.3d 1096 (Fla. 2d DCA 2010).
 

 [3]
 

 . This court has held that the version of the Florida statute to analyze is the version in effect when the out-of-state offense was committed.
 
 See Knarich v. State,
 
 866 So.2d 165, 170 (Fla. 2d DCA 2004).