MORRIS, Judge.
Stevon L. Guilford appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he raised one claim of illegality in the sentencing process. We affirm.
Guilford claimed that in sentencing him to thirty years (the statutory maximum), the trial court erroneously took into account his failure to admit guilt and accept responsibility. The postconviction court denied this claim on the basis that it amounted to a challenge of the sentencing process, which cannot be raised in a rule 3.800(a) motion. See Hankins v. State, 42 So.3d 871, 872 (Fla. 2d DCA 2010).
Although Guilford maintains that his claim could be resolved from the face of the record in accordance with rule 3.800(a), “[a]ny error in the court’s consideration of certain factors in imposing sentence is an error in the sentencing process.” Hannum v. State, 13 So.3d 132, 135 (Fla. 2d DCA 2009). And as the postconviction court correctly concluded, “sentencing procedures are generally not a subject for review under rule 3.800(a).” Hankins, 42 So.3d at 872. Lastly, Guilford’s sentence — thirty years’ imprisonment on the first-degree felony of aggravated child abuse — is not illegal, and he does not present another claim that is cognizable under rule 3.800(a). See § 827.03(2), Fla. Stat. (2002). Therefore, the postconviction court correctly denied Guilford’s rule 3.800(a) motion.
Affirmed.
ALTENBERND and LaROSE, JJ„ Concur.