IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROBERT L. COLLIER,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0926

_____/

Opinion filed September 19, 2014.

An appeal from the Circuit Court for Duval County.
Mark Hulsey III, Judge.

William Mallory Kent, Jacksonville, for Appellant.

Pamela Jo Bondi, Attorney General, and Giselle D. Lylen, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Robert Collier appeals an order denying his postconviction motion to correct an illegal sentence. *See* Fla. R. Crim. P. 3.800(a). In 2009, Collier was convicted of armed robbery and sentenced to life imprisonment. In his postconviction motion,

he alleged his life sentence is illegal because the trial court improperly took into account his lack of remorse and candor when imposing the sentence. *See Green v. State*, 84 So. 3d 1169, 1171 (Fla. 3d DCA 2013) ("[A] lack of remorse, the failure to accept responsibility, or the exercise of one's right to remain silent at sentencing may not be considered by the trial court in fashioning the appropriate sentence."). However, such a claim asserts error in the sentencing process, as opposed to the legality of the sentence itself, and thus, cannot be raised in a rule 3.800(a) motion. *See Guilford v. State*, 88 So. 3d 998, 999 (Fla. 2d DCA 2012) (holding claim that trial court erroneously took into account defendant's failure to admit guilt and accept responsibility not cognizable in rule 3.800(a) motion). Accordingly, Collier's motion was properly denied.

AFFIRMED.


ROBERTS, MARSTILLER, and SWANSON, JJ., CONCUR.