# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3286

_____

JUSTIN RASHAD HOWARD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Waddell A. Wallace, III, Judge.

April 30, 2018

PER CURIAM.

The Appellant appeals an order denying two motions to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). For the reasons discussed below, we reverse and remand for further proceedings.

In April 2009, following an open plea, the Appellant was convicted of attempted armed robbery, aggravated fleeing or attempting to elude, aggravated assault, two counts of aggravated assault on a law enforcement officer, and armed robbery. He was sentenced as a habitual violent felony offender (HVFO) to concurrent terms of life in prison for the armed robbery, 30 years' imprisonment for the attempted robbery, aggravated assault on a law enforcement officer, and aggravated

fleeing counts, and 10 years' imprisonment for the aggravated assault. In both rule 3.800(a) motions, the Appellant alleges that the out-of-state conviction used to designate him as an HVFO does not qualify as a predicate conviction under the HVFO statute. This claim is cognizable in a rule 3.800(a) motion. *See Hollingsworth v. State*, 802 So. 2d 1210 (Fla. 2d DCA 2002).

In order to qualify as an HVFO, the Appellant must have a prior conviction for an enumerated felony. *See* § 775.084(1)(b)1., Fla. Stat. (2009). An out-of-state conviction may qualify a defendant as an HVFO if it meets certain requirements. Pursuant to section 775.084(1)(e), Florida Statues, a qualifying offense is:

> any offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction, whether that of another state, the District of Columbia, the United States or any possession of territory thereof, or any foreign jurisdiction, that was punishable under the law of such jurisdiction at the time of its commission by the defendant by death or imprisonment exceeding 1 year.

The record in this case indicates that the State relied on a 2007 South Carolina conviction for "assault with intent to kill," a common law crime punishable by up to 10 years in prison under S.C. Code Ann. § 17-25-30. *See State v. Walsh*, 388 S.E. 2d 777, 779 (1988), *overruled on other grounds by State v. Easler*, 489 S.E. 2d 617 (S.C. 1997); *State v. Mims*, 335 S.E. 2d 237 (S.C. 1985).

The trial court found that the Appellant's prior conviction for "assault with intent to kill" was similar to the Florida crime of aggravated assault with a deadly weapon, which is a qualifying felony for HVFO purposes.* § 775.084(1)(b)1.g., Fla. Stat. (2007).

---

\* Aggravated assault may be committed in two ways in Florida, (1) with a deadly weapon, or (2) with the intent to commit a felony. *See* § 784.021, Fla. Stat. (2007). The HVFO statute lists only aggravated battery with a deadly weapon, and

2

The elements of aggravated assault with a deadly weapon in Florida are: (1) the defendant intentionally and unlawfully threatened, either by word or act, to do violence to the victim, (2) at the time, the defendant appeared to have the ability to carry out the threat, (3) the act of the defendant created in the mind of the victim a well-founded fear that violence was about to take place, and (4) the assault was with a deadly weapon. *See* Std. Jury Instr. (Crim.) 8.2. The elements of the South Carolina crime of "assault with intent to kill" are "(1) an unlawful attempt; (2) to commit a violent injury; (3) to the person of another; (4) with malicious intent; and (5) accompanied by the present ability to complete the act." *State v. Walsh*, 388 S.E. 2d 777, 779 (1988), *overruled on other grounds by State v. Easler*, 489 S.E. 2d 617 (S.C. 1997). Thus, both crimes require an unlawful threat or act, to do violence or commit a "violent injury," with the present ability to commit the act.

However, the Florida crime requires the use of a deadly weapon during the assault in order to qualify as a predicate HVFO offense. Conversely, based on the required elements, the South Carolina crime of aggravated assault with intent to kill does not require a deadly weapon. *See Walsh*, 388 S.E. 2d at 779; *cf. State v. Burton*, 589 S.E. 2d 6, 9 (S.C. 2003) ("Assault with intent to kill does not require the use of a firearm."). As a result, the South Carolina crime of aggravated assault with intent to kill is broader than the Florida crime of aggravated assault with a deadly weapon, because a defendant could commit the South Carolina crime without having a deadly weapon. Accordingly, the elements of both crimes are not substantially similar. *Cf. Robinson v. State*, 692 So. 2d 883 (Fla. 1997) (holding that a Georgia conviction for robbery by sudden snatching was not a qualified offense for purposes of sentencing defendant as a habitual felony offender, as elements of Georgia's robbery by sudden snatching offense and Florida's robbery offense were not substantially similar, in light of absence of element of force

as such aggravated battery with intent to kill is not a qualifying offense. *See McCoy v. State*, 942 So. 2d 919 (Fla. 2d DCA 2006).

3

sufficient to overcome victim's resistance in Georgia's offense); *Alix v. State*, 799 So. 2d 359 (Fla. 3d DCA 2001) (holding that a defendant could not be sentenced as a habitual violent felony offender based upon defendant's prior Canadian sexual assault conviction; Canadian crime of sexual assault encompassed less serious conduct that was not punishable under Florida sexual battery statute).

Here, the trial court denied the motion on the ground that the record indicates that the Appellant did use a firearm during the prior assault. However, when determining whether an out-of-state crime qualifies, the HVFO statute directs that the comparison be based on whether the crimes have "substantially similar *elements*." The underlying facts of the crime are not determinative of whether it qualifies as a predicate offense pursuant to the HVFO statute. *Cf. Hankins v. State*, 42 So. 3d 871 (Fla. 2d DCA 2010) (when determining whether out-of-state conviction qualifies pursuant to the PRR statute, court must look at elements of the offense, not the underlying actions or conduct). Therefore, we reverse and remand the denial of the Appellant's motion for further proceedings.

REVERSED and REMANDED for further proceedings.

B.L. THOMAS, C.J., and BILBREY and JAY, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

Justin Rashad Howard, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

4