DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES E. LONG**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D17-3261

[July 22, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Dan L. Vaughn, Judge; L.T. Case No. 472016CF000332CFAXMX.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

James E. Long raises eight issues in this appeal of his judgment and sentence. In a prior opinion, we declined to address seven of those issues and remanded the case to allow the circuit court to determine whether it could conduct a nunc pro tunc competency evaluation. *Long v. State*, 268 So. 3d 813 (Fla. 4th DCA 2019). On remand, the court conducted a nunc pro tunc competency evaluation and found Long competent during his trial. We affirm the court's ruling on competency and now turn to the remaining seven issues on appeal. We affirm six of the remaining issues without further comment. The last issue requires us to vacate Long's sentence and remand the case for resentencing.

For his final issue, Long argues the court erred when it relied on convictions obtained in Indiana to sentence him as a habitual felony offender and prison releasee reoffender.

A habitual felony offender is "a defendant for whom the court may impose an extended term of imprisonment . . . ." § 775.084(1)(a), Fla. Stat. (2016). To sentence a defendant as a habitual felony offender, the court must find, in relevant part, that: (1) "[t]he defendant has previously been convicted of any combination of two or more felonies in this state or *other qualified offenses*"; and (2) "[t]he felony for which the defendant is to be sentenced was committed . . . [w]ithin 5 years of the date of the conviction of the defendant's last prior felony or *other qualified offense* . . . ." § 775.084(1)(a)1., 2.b., Fla. Stat. (emphasis added).

The issue turns on the phrase "other qualified offense" in section 775.084(1)(a)2.b. The statute defines "qualified offense" as:

> any offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction, whether that of another state, the District of Columbia, the United States . . . that was punishable under the law of such jurisdiction at the time of its commission by the defendant by death or imprisonment exceeding 1 year.

§ 775.084(1)(e), Fla. Stat. (2016).

The statute requires us to analyze the out-of-state conviction and the equivalent Florida offense to determine whether they are substantially similar in elements and penalties. Long's out-of-state conviction was for driving under the influence in violation of Indiana Code section 9-30-5-3, which allows for the elevation of a DUI conviction to a felony if the defendant had one prior DUI conviction in a five-year period. Ind. Code § 90-30-5-3(a)(1) (2014).

The State and Long agree that the closest Florida counterpart to Indiana Code section 9-30-5-3(a)(1) is section 316.193(2)(b)1., Florida Statutes (2014). Like Indiana's code, section 316.193 allows a DUI to be treated as a felony at times. But Florida's statute elevates the offense to a felony if the defendant has a third DUI within a ten-year period. § 316.193(2)(b)1., Fla. Stat.; *see also Davis v. State*, 31 So. 3d 887, 888 (Fla. 4th DCA 2010) (treating the requirement of multiple prior DUI convictions as an essential element of a DUI felony (citing *Johnson v. State*, 994 So. 2d 960, 963 (Fla. 2008))).

The statutes must be substantially similar, and the out-of-state statute cannot be broader than Florida's statute. For example, in *Hollingsworth v. State*, 802 So. 2d 1210, 1211 (Fla. 2d DCA 2002), the Second District held that the Michigan felony offense of larceny was not substantially

2

similar to any Florida offense.  Michigan's larceny statute stated: "Any person who shall commit the crime of larceny by stealing in any dwelling house, house trailer, office, store . . . or any building used by the public shall be guilty of a felony."  *Id.* (quoting Mich. Comp. Laws § 750.360 (1979)).  In comparison, Florida's statute required that burglarized premises not be open to the public.  *Id.* (citing § 810.02(1), Fla. Stat. (1993)).  Furthermore, while Florida's grand theft statute included a monetary amount, Michigan's statute did not.  *Id.* (citing § 812.014(1), Fla. Stat. (1993)).  The Second District noted that "[t]he Michigan statute is far broader and would allow a conviction where a defendant committed larceny in a store that was open to the public or even where he stole office supplies from his workplace."  *Id.*  As a result, the court held that the offense of larceny in Michigan was not a qualified offense under the habitual offender statute.  *Id.*

In another case, *Howard v. State*, 245 So. 3d 962, 963 (Fla. 1st DCA 2018), the First District held that a conviction in South Carolina for "assault with intent to kill" was not substantially similar in elements and penalties to Florida's crime of aggravated assault with a deadly weapon.  The First District found that "both crimes require an unlawful threat or act, to do violence or commit a 'violent injury,' with the present ability to commit the act."  *Id.* at 964 (citing Fla. Std. Jury Instr. (Crim.) 8.2; *State v. Walsh*, 388 S.E.2d 777, 779 (S.C. 1988), *overruled on other grounds by State v. Easler*, 489 S.E.2d 617 (S.C. 1997)).  But, the court stated, "the Florida crime requires the use of a deadly weapon during the assault in order to qualify as a predicate [habitual violent felony offender] offense."  *Id.*  And the South Carolina crime did not require the use of a deadly weapon.  *Id.*  So, the court held the South Carolina conviction was not a substantially similar offense.  *Id.* (citations omitted).

Here, the Indiana statute treats a DUI as a felony if the defendant was convicted of a DUI within the prior five years.  Ind. Code § 90-30-5-3(a)(1).  In Florida, the period is ten years, but Florida requires two prior offenses.  § 316.193(2)(b)1., Fla. Stat.  The State argues that these statutes are substantially similar because "the number of prior convictions is proportional to the timeframe specified."  That may be true.  But the Florida legislature chose the required number of convictions and the timeframe in which those convictions must occur.  We are not concerned with the legislature's reasons for doing so.  Nor are we interested in engaging in calculations to amend the statute.

Like the statutes in *Hollingsworth* and *Howard*, the Florida and Indiana statutes are not substantially similar.  As a result, we agree with Long that this difference precluded the court from treating the Indiana convictions

as qualifying offenses for purposes of treating Long as a habitual felony offender.

Finally, like the habitual felony offender statute, the prison releasee reoffender statute requires an analysis of the Florida and out-of-state statutes. *See* § 775.082(9)(a)1.k., Fla. Stat. (2016); *see also Hankins v. State*, 42 So. 3d 871, 873 (Fla. 2d DCA 2010) (concluding "the out-of-state offense referred to in section 775.082(9)(a) must be interpreted to require that the elements of the out-of-state offense would be sufficient for a conviction under a Florida statute that is punishable as a felony" (footnote omitted)). Based on our conclusion that the Indiana conviction was not sufficient for a conviction under Florida's DUI statute, we also conclude the court erred in sentencing Long as a prison releasee reoffender.

In summary, we affirm seven of the eight issues Long raises on appeal. But we agree with him on one: The court erred when it sentenced Long under the habitual felony offender and prison releasee reoffender statutes. As a result, we affirm Long's conviction, vacate his sentence, and remand for resentencing.

*Affirmed in part, reversed in part, and remanded.*

CIKLIN and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***