# Third District Court of Appeal

## State of Florida

Opinion filed November 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0957
Lower Tribunal No. F21-18511
_____

**Milot Richards,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for appellee.

Before SCALES, MILLER, and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 913.10, Fla. Stat. (2021) ("Twelve persons shall constitute a jury to try all capital cases, and six persons shall constitute a jury to try all other criminal cases."); <u>Williams v. Florida</u>, 399 U.S. 78, 86 (1970) (upholding Florida's use of a six-person jury in non-capital cases); <u>Cunningham v. Florida</u>, 144 S. Ct. 1287 (2024) (denying petition for writ of certiorari to review <u>Williams</u>); <u>id.</u> at 1288 (Gorsuch, J., dissenting) (noting the Court has "twice turned away thoughtful petitions asking [the Court] to correct [its] mistake in <u>Williams</u>"); <u>see also</u> § 784.011(1), Fla. Stat. (2021) ("An 'assault' is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."); § 784.021(1)(a), Fla. Stat. (2021) ("An 'aggravated assault' is an assault . . . [w]ith a deadly weapon without intent to kill . . . ."); <u>State v. Williamson</u>, 348 So. 3d 48, 51 (Fla. 5th DCA 2022) (finding a "prima facie case of an overt act" when defendant brandished a weapon in the victim's direction); <u>Howard v. State</u>, 245 So. 3d 962, 963 (Fla. 1st DCA 2018) (noting aggravated assault requires, inter alia, "the act of the defendant created in the mind of the victim a well-founded fear that violence was about to take place"); <u>Johnson v. State</u>, 888 So. 2d 691, 693 (Fla. 4th DCA 2004) ("[T]he fact the victim did not testify, and thus could not describe or articulate any

2

such fear, does not bar a conviction. Instead, if the circumstances are such as would ordinarily induce fear in the mind of a reasonable person, then the victim may properly be found to have been in fear.") (internal citations, quotations, and alterations omitted); Gilbert v. State, 347 So. 2d 1087, 1088 (Fla. 3d DCA 1977) ("[W]here the circumstances were such as to ordinarily induce fear in the mind of a reasonable man, then the victim may be found to be in fear, and actual fear need not be strictly and precisely shown."); Herring v. State, 132 So. 3d 342, 347 (Fla. 4th DCA 2014) (finding "no error in the trial court's denial of appellant's motion for mistrial because the state's comments during closing argument were a fair response to the statements made by appellant").